Myrna VARRA, Plaintiff-Appellant,

v.

DILLON COMPANIES, INC., a Kansas Corporation, d/b/a King Soopers, Inc. and Bakery and Confectionery Workers' International Union of America, AFL–CIO, Local No. 72, Defendants-Appellees.

No. 78–1250.

United States Court of Appeals, Tenth Circuit.

Argued Aug. 16, 1979.

Decided Feb. 29, 1980.

Donald A. Brenner, Denver, Colo., for plaintiff-appellant.

Walter C. Brauer, III of Brauer & Simons, Denver, Colo. (James A. Huttv'Dodd, Denver, Colo., with him on the brief), for defendant-appellee Bakery and Confectionery Workers' Intern. Union of America, AFL–CIO, Local No. 72.

Earl K. Madsen of Bradley, Campbell & Carney, Golden, Colo., for defendant-appellee Dillon Companies, Inc., d/b/a King Soopers, Inc.

Before HOLLOWAY, McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Myrna Varra sued her employer, Dillon Companies, Inc. d/b/a King Soopers, Inc., and her union, Bakery and Confectionery Workers' International Union of America, AFL–CIO, Local No. 72, for $2,000 in back wages she asserted were owed to her because of an allegedly unlawful discharge. The suit against the employer is based on breach of the collective bargaining agreement, and the claim against the union is based on breach of the duty of fair representation. Jurisdiction is asserted under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

The trial court awarded summary judgment in favor of both defendants on the ground that Varra had failed to exhaust internal union remedies. On appeal Varra admits this failure, but argues that exhaustion is not required when exhaustion of union remedies would be futile or inadequate, or when the union has breached its duty of fair representation in handling the grievance.

After her discharge Varra submitted her claim to the union, which initiated the grievance procedure set forth in the collective bargaining agreement. Following an investigation, the union declined to submit the grievance to arbitration. This technically ended the grievance procedure. Varra alleges this refusal was arbitrary and capricious and therefore violated the union's duty of fair representation.

The union's constitution and bylaws [1] provide a procedure by which union members can file charges against union officials for unfair treatment. The constitution of the international union in article XXII, section 3(g), states,

If the charges, or any portion thereof, are sustained, the trial body may impose any penalty necessary and appropriate under the circumstances, including, but not limited to reprimand, fine, suspension, expulsion, revocations of charters and orders to perform or refrain from performing any specified acts. Upon failure to comply with any such judgment, (unless stated in accordance with this Constitution) the member, officer or local union shall stand suspended.

The trial court held this internal union appeal could result in reinstatement of the grievance procedure because the trial body had the power to order the union official to proceed with arbitration of Varra's claim against the company. In an affidavit submitted by the defendant union to support its motion for summary judgment, Ray R. Valdez, President and Business Manager of Local 72, states that Varra did not file any charges pursuant to this internal union procedure, and that nothing was said or done to inhibit her from doing so. Varra makes no allegations to the contrary.

I

We deal first with the union's defense of failure to exhaust internal remedies. In *Imel v. Zohn Mfg. Co.*, 481 F.2d 181 (10th Cir. 1973), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974), this Court held that failure to exhaust internal union remedies, as required by the union constitution, precludes a civil suit against the union for breach of the duty of fair representation when there is no allegation or proof that resort to those procedures would be futile. *See also Fizer v. Safeway Stores, Inc.*, 586 F.2d 182 (10th Cir. 1978). Varra argues that appeal was futile here because the internal union procedures could not give her the requested relief of back pay. She misunderstands the exception.

■ The Supreme Court in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), recognized that under certain circumstances exceptions to the exhaustion of remedies doctrine are necessary and appropriate. One such situation is when the union wrongfully prevents the employee from using the grievance procedure. *Id.* 185–86,

---

1. The appellate record does not include the bargaining agreement, union constitution or bylaws, or any affidavit submitted in connection with the motion for summary judgment. We therefore must rely upon quotations and references in the various briefs and the trial court's opinion. There does not seem to be any real issue, however, concerning what they state.

87 S.Ct. 914. Another is when the union and the employer are charged with systematic and concerted racial discrimination; it would be futile for employees to submit this charge to a procedure administered by either the union or employer. *Glover v. St. Louis-San Francisco Ry.*, 393 U.S. 324, 330–31, 89 S.Ct. 548, 551–52, 21 L.Ed.2d 519 (1969). Another recognized exception is when internal union remedies do not provide redress for the particular grievance. *See, e. g., Fruit & Vegetable Packers Local 760 v. Morley*, 378 F.2d 738, 745 (9th Cir. 1967) (no provision in union constitution for dealing with a violation of federal law).

■ In the instant case there is no allegation or proof that anyone prevented Varra from pursuing her internal union remedies, or that appeal would be futile because of union animus directed against her. Varra's charge of arbitrary and capricious action is really only levied against the union officials who denied her arbitration. No reason is given to conclude that the person involved in the appeal procedure would not be fair and reasonable. *See Brady v. Trans World Airlines, Inc.*, 401 F.2d 87, 104 (3d Cir. 1968), *cert. denied*, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969). No facts are alleged at all, except that the union did not pursue the arbitration of Varra's claim. The union procedure addresses the claim Varra has asserted against the union—breach of duty to represent by arbitrarily refusing to pursue her wrongful discharge grievance. It provides her a remedy that cures any breach by subordinate union officials; the appeal board can order initiation of arbitration, which may, of course, vindicate her claim for back pay.

This case exemplifies the policy underlying the exhaustion of remedies rule—allowing labor organizations the opportunity to resolve disputes concerning their internal affairs before dissident members bring the disputes before the courts. *See Imel v. Zohn Mfg. Co.*, 481 F.2d 181, 183 (10th Cir. 1973), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974). Here any breach that may have occurred could be cured by the union through its own established appeal processes; judicial intrusion into its affairs would then be unnecessary. We therefore affirm summary judgment in favor of the union.

## II

Next we address the employer's defense of failure to exhaust remedies. The remedies set forth in the bargaining agreement, to which the employer is a party, were technically exhausted when Varra was denied the final step in the grievance procedure—arbitration. The requirement of pursuing an appeal within the union arises only under the union constitution, an agreement to which the employer is not a party. Thus the employer does not have contractual standing to require an employee to exhaust the union appeal. Therefore, we must determine whether the employer should be allowed on policy grounds to raise the exhaustion defense in a case like that before us.

Some courts have stated flatly that the employer cannot raise failure to exhaust internal union remedies as a defense in a suit for breach of the collective bargaining agreement. *Petersen v. Rath Packing Co.*, 461 F.2d 312, 315 (8th Cir. 1972); *Brady v. TWA, Inc.*, 401 F.2d 87, 104 (3d Cir. 1968), *cert. denied*, 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969). Another circuit has stated the employer can raise this defense under certain circumstances. *Harrison v. Chrysler Corp.*, 558 F.2d 1273, 1278 (7th Cir. 1977); *Orphan v. Furnco Const. Co.*, 466 F.2d 795, 801 (7th Cir. 1972). *See also Fizer v. Safeway Stores, Inc.*, 586 F.2d 182, 184 (10th Cir. 1978) (exhaustion not required after final arbitration).

■ We think the failure to exhaust internal union remedies should be available as a defense to the employer in this case. Requiring pursuit of a union appeal that can result in reinstatement of the grievance and arbitration of the unlawful discharge dispute is more desirable here than a civil suit for several reasons. The national labor policy in favor of private dispute resolution is served by requiring complaints to be processed outside the courts whenever there is

an effective process available, *see Harrison v. Chrysler Corp.*, 558 F.2d at 1278; *Orphan v. Furnco Const. Co.*, 466 F.2d at 801; there is no evidence in this case that either the grievance procedure or the union appeal would be futile or is in some way being undermined by wrongdoing on part of the union and/or employer. The integrity of the bargaining agreement grievance procedure is maintained by allowing all possible cases to be funneled through it. "Such activity complements the union's status as exclusive bargaining representative by permitting it to participate actively in the continuing administration of the contract. In addition, conscientious handling of grievance claims will enhance the union's prestige with employees. Employer interests, for their part, are served by limiting the choice of remedies available to aggrieved employees." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965). Finally, if the union determines Varra's complaint is meritorious, her cause is furthered by having the union's backing, including use of the union's financial resources, to battle for her rights. Requiring an employee to utilize collateral means of reviving the grievance procedure can be time-consuming, of course. But under the circumstances of the present case this drawback is outweighed by the important interests furthered by the requirement.

Varra argues, however, that *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), relieves her of the exhaustion requirement here. That case held a wrongfully discharged employee may sue the employer directly, in the face of a defense of failure to exhaust contractual remedies, if he or she can prove the union breached its duty of fair representation in handling the employee's grievance. *Id.* at 186, 87 S.Ct. at 914. In such a case the employee must not only show the discharge was contrary to the contract, but also demonstrate breach of duty by the union. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).

Here Varra has joined the union as a defendant in her suit against the employer, asserting breach of its duty of fair representation. But, we did not reach the merits of her claim against the union, because we held she could not maintain her suit against the union without first availing herself of internal union remedial procedures. Should we allow her to obtain a judicial determination of the same alleged defalcation in these circumstances by suing the employer? We think not. The suit against the employer seems premature when the union may yet cure its wrong to her, if there is one.

The judgment is affirmed.