**Clarence R. HAYES, Plaintiff-Appellant,**

v.

**BROTHERHOOD OF RAILWAY AND AIRLINE CLERKS/ALLIED SERVICES DIVISION, Defendant-Appellee.**

**No. 83–1437.**

United States Court of Appeals,
Fifth Circuit.

June 14, 1984.

---

Clarence R. Hayes, pro se.

Highsaw & Mahoney, Joseph Guerrieri, Jr., John J. Sullivan, Washington, D.C., for defendant-appellee.

ON PETITION FOR REHEARING

Before RUBIN, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:

In our original decision in this case, 727 F.2d 1383, we affirmed the district court's summary judgment in favor of the Brotherhood of Railway Airline and Steamship Clerks, Freight Handlers, Express and Station Employees Allied Services Division (BRAC). We held that the district court was correct in holding that Clarence Hayes was required to exhaust all available internal union remedies before filing his breach of duty of fair representation suit. Hayes has petitioned for rehearing, claiming that, because fact issues were unresolved, summary judgment should not have been granted.

In considering Hayes' petition for rehearing, we iterate from our previous opinion that in *Clayton v. United Auto Workers*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), the Court stated that there were "at least" three relevant factors in determining whether exhaustion of internal union procedures would be required as a prerequisite to fair representation litigation:

[F]irst, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks ... and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust.

*Id.* at 689, 101 S.Ct. at 2095. We held that Hayes had not demonstrated that there was an issue concerning the existence of any of these factors.

In his petition for rehearing, Hayes contends that he has come forward with facts showing that there is an issue concerning the hostility of union officials. For there to be an adequate demonstration of hostility, it must appear that persons involved in the intraunion appeals procedure are hostile toward the union member, or, that the internal appeal will be heard and decided by union officials against whom the complaint is directed. *See Varra v. Dillon Companies, Inc.*, 615 F.2d 1315 (10th Cir.1980); *Winter v. Teamsters Local No. 639*, 569 F.2d 146 (D.C.Cir.1977). Here, Hayes' complaints of hostility do not concern BRAC officials who would hear his appeal. Instead, they relate to the hostility of the official who refused to take his claim before the NRAB and who is not in the line of progression of an internal union appeal. Because his charge of hostility is levied only against this union official, Hayes has not demonstrated that there is material issue concerning whether he can receive a fair hearing on an appeal.[1]

---

1. In arguing that he could not get a fair hearing, Hayes also claims that even if he prevailed and had his grievance reinstated, the grievance "would go right back to Vice-President Stafford for his submitting to the NRAB and with his hostility toward Hayes and his negative opinions already expressed toward Hayes' claims, Hayes could not expect to prevail before the NRAB." The issue whether union appeals must be exhausted in this case turns on whether Hayes could obtain a fair hearing on his claim that Vice President Stafford wrongly refused to take his grievance to arbitration. It does not involve a consideration of how Stafford might handle that grievance if an appeal results in its submission to arbitration. Furthermore, if such a consideration were involved, Hayes has offered no substantial basis for his contention that

Hayes next contends that the exhaustion of internal procedures would unreasonably delay his opportunity to obtain a judicial hearing on the merits of his claim. As we read Hayes' contention, he argues that simply because his grievance against his former employer has been pending for more than four months, he has exhausted the internal union appeals procedure. Hayes relies on section 101(a)(4) of the Labor Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 411(a)(4) which provides, in pertinent part:

> No labor organization shall limit the right of any member thereof to institute an action in any court, or any proceeding before any administrative agency .... *Provided* that any such member may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings against such organizations or any officer thereof ....

29 U.S.C. § 411(a)(4).[2]

Hayes's reliance on section 101(a)(4) assumes two things: (1) that the exhaustion guidelines found in that section apply in section 301 actions brought under the Labor Management Relations Act; and (2) that a grievance pending against an employer for four months satisfies the exhaustion requirement. It is an open question whether the exhaustion guidelines of section 101(a)(4) apply in section 301 actions. It is clear, however, that if those guidelines apply, the express terms of section 101(a)(4) require a union member to pursue an *intra-union* appeal for at least four months. Here, Hayes has not even attempted to pursue an intra-union appeal. Therefore, assuming the application of section 101(a)(4) exhaustion guidelines, Hayes has not exhausted his intra-union remedies as required by those guidelines.

In conclusion, once the union established that there was a procedure whereby Hayes could appeal the refusal of a union official to submit his grievance to arbitration, Hayes had the burden of coming forward with specific facts showing that there was an issue concerning the futility of that procedure. For the reasons expressed here and in our previous opinion, we conclude that the district court correctly held that Hayes had not met that burden. Accordingly, Hayes's petition for rehearing is

DENIED.

the grievance would automatically go back to Stafford for processing, or that Stafford, if ordered by superiors to process Hayes' grievance, would handle it in a merely perfunctory manner.

2. No contention is made that requiring exhaustion of intra-union appeal procedures would, under a general "reasonableness" standard, unreasonably delay Hayes's opportunity to file a § 301 suit.