742 F.2d 1225
 117 L.R.R.M. (BNA) 2468, 101 Lab.Cas. P 11,188
 Raymond P. SCOGGINS, Plaintiff-Appellant,
v.
The BOEING COMPANY, INC., a Delaware corporation; and
International Association of Machinists and Aerospace
Workers, Aerospace Industrial District Lodge # 751, AFL-CIO,
a labor organization, Defendants-Appellees.
 No. 83-3778.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 7, 1984.
Decided Sept. 18, 1984.
 
 1
 Carleton H.A. Taber, Lewis Lynn Ellsworth, Salter, McKeehen, Gudger & Rabine, Seattle, Wash., for plaintiff-appellant.
 
 
 2
 Hugh Hafer, Hafer, Cassidy & Price, John F. Aslin, Perkins, Cole, Stone, Olsen & Williams, Seattle, Wash., for defendants-appellees.
 
 
 3
 Appeal from the United States District Court for the Western District of Washington.
 
 
 4
 Before KILKENNY and NELSON, Circuit Judges, and EAST,* District Judge.
 
 EAST, District Judge:
 
 5
 Raymond Scoggins brought this action against his former employer, The Boeing Company, Inc. (Boeing), under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, for breach of the collective bargaining agreement and against his union, the International Association of Machinists and Aerospace Workers, Aerospace Industrial District Lodge # 751 (the union), for violating its duty of fair representation. The District Court granted summary judgment for Boeing, ruling that the suit was barred by the statute of limitations. The District Court also granted summary judgment for the union based upon Scoggins' failure to exhaust internal union remedies. We affirm.
 
 I. FACTS
 
 6
 Scoggins was terminated by Boeing on June 25, 1980. As a Boeing employee, Scoggins was represented by the union. Following his termination, Scoggins met with a union business agent, seeking the union's help in his efforts to get his job back. The agent subsequently interviewed witnesses, reviewed Boeing's files, and met with Boeing representatives to discuss Scoggins' termination.
 
 
 7
 On August 27, 1980, the business agent notified Scoggins by letter that further efforts on Scoggins' behalf would be futile. Scoggins complained to the business agent about the agent's decision not to pursue the grievance further. However, Scoggins made no effort to contact the local union's president or to file an internal union appeal of the agent's decision. On September 16, 1980, the union withdrew Scoggins' grievance.
 
 
 8
 Scoggins brought this action on December 28, 1981, sixteen months after he received notice of the union's decision not to pursue his grievance. In his complaint, Scoggins alleged that Boeing breached the collective bargaining agreement by terminating him without just cause. He further alleged that the union breached its duty of fair representation by failing to process his grievance through arbitration. Scoggins moved for summary judgment against Boeing and the union, and also moved to strike the defendants' affirmative defenses of statute of limitations and failure to exhaust internal union remedies. In response, the union moved for summary judgment.
 
 
 9
 The District Court granted the union's motion for summary judgment and dismissed the action as to both the union and Boeing.[1] The court concluded that Scoggins failed to exhaust explicit and mandatory union remedies. The court also concluded that either the six month statute of limitations established by 29 U.S.C. Sec. 160(b) or the three month limitation of Wash.Rev.Code Sec. 7.04.180 (1974) applied to Scoggins' action, and that Scoggins' action was therefore time barred.
 
 II. DISCUSSION
 A. Statute of Limitations
 
 10
 Prior to the U.S. Supreme Court's decision in United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the statute of limitations for hybrid Section 301 actions in Washington was three years. Christianson v. Pioneer Sand & Gravel Co., 681 F.2d 577 (9th Cir.1982) (three year statute of limitations for suits against employers); Washington v. Northland Marine Co., 681 F.2d 582 (9th Cir.1982) (three year statute of limitations for suits against unions). In Mitchell, the Supreme Court held that a state limitation period for vacation of an arbitral award controlled the employee's Section 301 action against his employer Mitchell, 451 U.S. at 64, 101 S.Ct. at 1564. In Washington, this period is three months. See Wash.Rev.Code Sec. 7.04.180 (1974). The Mitchell opinion, however, invited a square presentation of the question whether a more appropriate period would be the six-month limitation period found in Section 10(b) of the National Labor Relations Act. 451 U.S. at 60 n. 2, 101 S.Ct. at 1562 n. 2. In DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Court decided this question. The Court held that the limitation period as to claims against both an employer and a union is six months. We must decide whether either of these decisions applies to Scoggins' action, filed eight months after Mitchell and sixteen months before DelCostello.
 
 
 11
 We have held that DelCostello does not apply retroactively either to claims against unions for breach of the duty of fair representation, see Barina v. Gulf Trading and Transportation Co., 726 F.2d 560, 562-63 (9th Cir.1984); McNaughton v. Dillingham Corp., 722 F.2d 1459 (9th Cir.1984), petition for cert. filed, 52 U.S.L.W. 3829 (U.S. May 15, 1984) (No. 83-1739); Edwards v. Teamsters Local 36, 719 F.2d 1036, 1040-41 (9th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1599, 80 L.Ed.2d 130 (1984), or to claims against employers under the Labor Management Relations Act. See Barina v. Gulf Trading and Transportation Co., 726 F.2d at 563-64. The six-month limitations period announced in DelCostello cannot, therefore, govern Scoggins' action.[2]
 
 
 12
 Scoggins, however, did not file his action until eight months after the Supreme Court decided Mitchell. Scoggins argues that based on the Supreme Court's decision in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and this court's decisions in Barina and Singer v. Flying Tiger Line Inc., 652 F.2d 1349 (9th Cir.1981), Mitchell should not be applied to bar Scoggins' action against Boeing.[3] In Chevron Oil, the Supreme Court declined to apply a shorter statute of limitations retroactively to extinguish a claim, stating that "[i]t would ... produce the most 'substantial inequitable results,' ... to hold that the respondent 'slept on his rights' at a time when he could not have known the time limitation that the law imposed upon him." Chevron Oil, 404 U.S. at 108, 92 S.Ct. at 356. Based on factors set forth in Chevron Oil,[4] we refused to apply Mitchell retroactively to a case filed three years prior to the Mitchell decision. Singer v. Flying Tiger Line Inc., 652 F.2d at 1353. At the time the plaintiff in Singer filed his action, the statute of limitations, according to an earlier decision by this court,[5] appeared to be three years. It was not until three years after the plaintiff filed his action that the Supreme Court announced that the statute of limitations was actually a shorter period. In Barina, we also held that Mitchell would not be retroactively applied to bar the plaintiff's suit. The plaintiff had filed his suit within two months of the Supreme Court's Mitchell decision and approximately one year after the cause of action accrued. Under the law prevailing prior to Mitchell, the plaintiff's suit would have been timely filed, but under Mitchell, the statute of limitations would have been 100 days. It would have produced "substantial inequitable results" to hold that the plaintiff in Barina had "slept on his rights" by not filing within 100 days of the time the cause arose; at that point in time, the statute of limitations was thought to be three years. The plaintiff, however, quickly filed suit after Mitchell announced the shorter statute of limitations.
 
 
 13
 The above cases do not help Scoggins. Although Scoggins was not aware of the shorter statute of limitations period when his cause of action accrued in August, 1980, Scoggins slept on his rights after the Mitchell decision. Unlike the plaintiff in Singer, who did not know the "correct" statute of limitations until several years after he filed his lawsuit, Scoggins knew the correct statute of limitations eight months before he filed his suit. Unlike the plaintiff in Barina, who quickly filed his lawsuit after the Court announced in Mitchell the shorter statute of limitations, Scoggins delayed filing his lawsuit until eight months after the Mitchell decision. It is not inequitable to hold Scoggins to the shorter statute of limitations period applicable under Mitchell. Consequently, Scoggins' action against Boeing is governed by a three month statute of limitations (see Wash.Rev.Code Sec. 7.04.180 (1974)) appropriate under Mitchell. Since Scoggins did not file his case until eight months after the Supreme Court announced the Mitchell decision, the District Court properly dismissed Scoggins' action against Boeing as time barred.
 
 
 14
 Mitchell, however, applies only to suits against employers; it does not apply to suits against unions. See n. 3, supra. Since neither Mitchell nor DelCostello governs the statute of limitations for Scoggins' action against the union, the appropriate statute of limitations for this suit is three years. See Washington v. Northland Marine Co., 681 F.2d 582, 586 (9th Cir.1982). Scoggins filed suit sixteen months after his cause of action accrued. The suit was therefore timely filed and the District Court erred in dismissing the suit against the union as time barred.
 
 B. Exhaustion of Internal Union Remedies
 
 15
 The District Court also determined that Scoggins' suit against the union should be dismissed because Scoggins failed to exhaust internal union appeals procedures. The determination whether to require exhaustion is left to the sound discretion of the trial court. Fristoe v. Reynolds Metal Co., 615 F.2d 1209, 1214 (9th Cir.1980). Scoggins argues that the District Court abused its discretion in making this determination.
 
 
 16
 The Supreme Court has identified three factors to guide trial courts in determining whether to require an employee to exhaust such appeals procedures: (1) whether union officials are so hostile to the employee that the employee could not obtain a fair hearing; (2) whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to accord the employee the full relief sought under Section 301; and (3) whether exhaustion would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits. Clayton v. Automobile Workers, 451 U.S. 679, 689, 101 S.Ct. 2088, 2095, 68 L.Ed.2d 538 (1981). On appeal, Scoggins relies primarily on the second factor in arguing that the District Court improperly required exhaustion.[6]
 
 
 17
 Although Scoggins argues on appeal that the union could neither award him the complete relief he sought nor reactivate his grievance, a careful search of the record reveals that Scoggins failed to make the reactivation argument to the District Court. When the union moved for summary judgment, the union submitted an affidavit and excerpts from the union constitution.[7] The union used these documents to demonstrate to the District Court that internal union remedies were available to Scoggins. Scoggins, in his response to the union's motion for summary judgment, argued only that "[b]ecause, in this case, the internal union appeals procedures cannot grant the Plaintiff the complete relief sought in his Sec. 301 suit i.e., reinstatement, Clayton mandates that as a matter of law, the Union's motion [for summary judgment] be denied." Scoggins completely failed to argue to the District Court that the union could not reactivate the grievance. By emphasizing only half of Clayton's second factor and ignoring the other half, Scoggins failed to give the District Court a chance to determine whether there was a genuine issue of material fact for trial; i.e., whether the union could have reactivated the grievance. Scoggins may not make this argument for the first time on appeal.
 
 
 18
 In this circuit, when a party moves for summary judgment in a Section 301 action citing failure to exhaust internal union remedies, the moving party must first establish the availability of adequate internal union remedies; the burden then shifts to the party opposing the motion to respond by affidavits or otherwise and set forth specific facts showing that exhaustion of remedies would have been futile. See Keppard v. International Harvester Co., 581 F.2d 764 (9th Cir.1978). Scoggins failed to present any facts or arguments to the District Court to indicate that the union could not reactivate the grievance. Since Clayton requires only that the union be able to award the complete relief sought or reactivate the grievance, the District Court did not abuse its discretion in requiring exhaustion where Scoggins failed to suggest the union could not reactivate the grievance. See Hayes v. Brotherhood of Railway and Airline Clerks/Allied Services Division, 727 F.2d 1383, 1386 (5th Cir.), reh'g denied, 734 F.2d 219 (5th Cir.1984).
 
 CONCLUSION
 
 19
 The District Court did not err in dismissing Scoggins' suit against Boeing and the union. The District Court properly dismissed Scoggins' action against Boeing because the statute of limitations had run. The court also properly dismissed the action against the union because Scoggins had failed to exhaust internal union appeals procedures.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 [1]
 Scoggins argues that the District Court could not grant summary judgment for Boeing since Boeing never moved for it. However, where one party moves for summary judgment, the trial court may sua sponte grant summary judgment to the non-moving party. Cool Fuel, Inc. v. Connett, 685 F.2d 309, 311 (9th Cir.1982). Of course, "the moving party against whom summary judgment was rendered [must have] had a full and fair opportunity to ventilate the issues involved in the motion." Id. at 312. In this case, the statute of limitations question was thoroughly discussed upon Scoggins' motion
 
 
 [2]
 We recognize, as we did in Barina, 726 F.2d at 563 n. 5, that other circuits have reached contrary conclusions and applied DelCostello retroactively. Edwards v. Teamsters Local Union No. 36, McNaughton, and Barina, however, establish the law of this circuit and bind us. We also happen to agree
 
 
 [3]
 Mitchell applies only to suits against employers; it does not apply to suits against unions. Barina, 726 F.2d at 562; Edwards, 719 F.2d at 1039; McNaughton v. Dillingham Corp., 707 F.2d 1042, 1047-48 (9th Cir.1983), reh'g denied, 722 F.2d 1459 (9th Cir.), petition for cert. filed, 52 U.S.L.W. 3829 (U.S. May 15, 1984) (No. 83-1739). Consequently, the statute of limitations applicable under Mitchell governs only Scoggins' action against Boeing; it does not govern his action against the union
 Scoggins also argues that Mitchell applies only where a final arbitration decision was rendered; Scoggins' grievance was withdrawn prior to arbitration and, consequently, Scoggins asserts Mitchell should not be applied even to his action against Boeing. This court, however, has previously rejected this argument. McNaughton, 707 F.2d at 1046. Mitchell applies whether a grievance is withdrawn or goes to arbitration. Id.
 
 
 [4]
 In Chevron Oil, the Supreme Court listed three factors to be considered by courts when reviewing the issue of retroactivity: (1) whether the decision established a new principle of law; (2) whether retroactive application will retard or further the purposes of the rule in question; and (3) whether applying the new decision will produce substantial inequitable results. Chevron Oil, 404 U.S. at 106-07, 92 S.Ct. at 355
 
 
 [5]
 In Price v. Southern Pacific Transportation Co., 586 F.2d 750, 753 (9th Cir.1978), this court held that the statute of limitations for a suit against a union in California was three years
 
 
 [6]
 Scoggins also argues that the first factor--whether union officials are hostile to the employee--supports his position that exhaustion should not be required. Scoggins asserts that hostility should be inferred from a statement made by the union business representative who handled Scoggins' grievance; the representative told Scoggins that further pursuit of the grievance would be futile. Scoggins argues that this feeling of futility indicates hostility on the part of the entire union. However, "[f]or there to be an adequate demonstration of hostility, it must appear that persons involved in the intraunion appeals procedure are hostile toward the union member...." Hayes v. Brotherhood of Ry. & Airline Clerks/Allied Serv. Div., 734 F.2d 219, 220 (5th Cir.1984). See also Varra v. Dillon Companies, Inc., 615 F.2d 1315, 1317 (10th Cir.1980). Scoggins failed to present any evidence to the District Court, and fails to present any evidence now, of any indication of hostility on the part of anyone in the union who would have acted on Scoggins' appeal
 
 
 [7]
 On appeal, Scoggins argues that these documents should not have been considered by the District Court. He objects that they are improperly authenticated and contain hearsay statements. Scoggins, however, failed to object to the evidence in District Court. Consequently, Scoggins waived any objections to the evidence and the District Court properly considered it. United States v. Dibble, 429 F.2d 598, 603 (9th Cir.1970) (Wright, J., concurring); Davis v. Sears, Roebuck and Co., 708 F.2d 862, 864 (1st Cir.1983)