854 F.2d 1179
 129 L.R.R.M. (BNA) 2159, 109 Lab.Cas. P 10,680,
26 Fed. R. Evid. Serv. 617
 Alganesh BEYENE, Plaintiff-Appellant,
v.
COLEMAN SECURITY SERVICES, INC.; John Vandewalle; John
McGrath; Parking Concepts Inc.; California
Teamsters Public, Professional and
Medical Employees Union, Local
911, Defendants-Appellees.
 No. 86-6343.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 8, 1988.
Decided Aug. 19, 1988.
 
 James L. Brown, Supkoff & Brown, Los Angeles, Cal., for plaintiff-appellant.
 Robert D. Vogel, Wohlner, Kaplon, Phillips, Vogel, Shelly & Young, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before PREGERSON, CANBY and WIGGINS, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 Alganesh Beyene sued her union, the California Teamsters, Public, Professional and Medical Employees Union, Local 911, for breach of the duty of fair representation. Local 911 moved for summary judgment based on Beyene's failure to exhaust her internal union remedies. The district court granted the motion. We reverse on the ground that Local 911 failed to meet its burden of establishing the availability of adequate internal union remedies.I
 
 
 2
 In 1983, Beyene began working as a parking lot cashier at the Los Angeles International Airport. Her employer was Parking Concepts, Inc. ("PCI"); her union was the California Teamsters, Public, Professional and Medical Employees Union, Local 911 ("Local 911"). The terms and conditions of her employment were governed by a collective bargaining agreement, to which PCI and Local 911 were signatories.
 
 
 3
 In April 1984, Beyene was arrested on suspicion of "fiscal improprieties" relating to her job. A union representative informed her that she would have to await the conclusion of the criminal proceedings to determine her employment status and to file a grievance.
 
 
 4
 The criminal proceedings against Beyene were dismissed in October 1984. Soon thereafter her attorney contacted Local 911, and was informed that the union would not file a grievance on her behalf to attempt to secure her reinstatement.
 
 
 5
 Beyene did not file internal union charges against her union representative, nor did she request a hearing before Local 911's governing body. Instead, she filed a complaint in the state court against PCI, Local 911, and several investigators. She asserted only one claim against Local 911: breach of the duty of fair representation. On this cause of action she sought general, special, and compensatory damages.
 
 
 6
 After the defendants removed the action to the district court, Beyene settled her claims against all defendants except Local 911. Local 911 moved for summary judgment on the ground that Beyene had failed to exhaust her internal union remedies. The district court granted the motion, and this appeal followed.
 
 II
 
 7
 We recently held that failure to exhaust internal union remedies is a matter of abatement that must be raised in a motion to dismiss, not in a motion for summary judgment. Ritza v. International Longshoremen's and Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir.1988) (per curiam). In deciding such a motion to dismiss, the district court is to resolve factual disputes, and its findings are then subject to review under the clearly erroneous standard. Id. at 369. If a failure to exhaust is found, the proper disposition is dismissal without prejudice. Id. at 368 n. 3.
 
 
 8
 In this case, however, no motion to dismiss was made. Local 911 moved for summary judgment on the ground of lack of exhaustion, and plaintiff opposed the motion on the merits. The trial judge, not yet having the benefit of our decision in Ritza, treated the motion as one for summary judgment and granted it. Because our result would be the same regardless of which procedure the district court had followed, we review the trial judge's ruling as one for summary judgment. We conclude that Local 911 has presented no competent evidence sufficient to raise a triable issue of failure to exhaust. We therefore reverse the summary judgment. In so doing, we note that Local 911 would have fared no better in a motion to dismiss, because it failed to put forth any competent evidence that could sustain a finding that an adequate union remedy existed.
 
 III
 
 9
 We review a grant of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 
 10
 The Constitution of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("Teamsters Constitution") sets forth procedures for internal resolution of any charge by one member against another for breach of the Teamsters Constitution. Local 911 contends that Beyene's failure to follow these internal procedures precludes her action for breach of the duty of fair representation. Beyene argues that her failure to follow the internal procedures should be excused because those procedures could not afford her monetary damages.
 
 
 11
 In a summary judgment proceeding based on the plaintiff's asserted failure to exhaust internal union remedies, the burdens of production are well-defined:
 
 
 12
 [W]hen a party moves for summary judgment in a Section 301 [Labor Management Relations Act Sec. 301, 29 U.S.C. Sec. 185] action citing failure to exhaust internal union remedies, the moving party must first establish the availability of adequate internal union remedies; the burden then shifts to the party opposing the motion to respond by affidavits or otherwise and set forth specific facts showing that exhaustion of remedies would have been futile.
 
 
 13
 Scoggins v. Boeing Co., 742 F.2d 1225, 1230 (9th Cir.1984) (emphasis added). The pivotal question here is whether the internal union remedies were "adequate." Because Beyene's complaint prayed for monetary damages, we may affirm only if Local 911 established that its internal procedures could have yielded monetary damages.
 
 IV
 
 14
 Article XIX, section 9(a) of the Teamsters Constitution provides:
 
 
 15
 Decisions and penalties imposed upon ... Local Unions ... found guilty of charges may consist of reprimands, fines, suspensions, expulsions, revocations, denial to hold any office permanently or for a fixed period, or commands to do or perform, or refrain from doing or performing, specified acts.... If a fine is assessed against a Local Union ... the payment shall be to the treasury of the Joint Council.
 
 
 16
 On its face, this provision does not authorize the payment of money damages to a union member who successfully asserts an internal charge against a Local Union. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 896 (9th Cir.1987) (concluding that the plain language of section 9 does not authorize the award of monetary damages to an aggrieved union member), cert. denied, --- U.S. ----, 108 S.Ct. 2900, 101 L.Ed.2d 933 (1988). Thus, to prevail, Local 911 must "point to ... other evidence in the record that would support its contention that monetary damages would be awarded [Beyene] if [she] prevailed in [her] internal union appeals." Id. (reversing the district court's order granting summary judgment where the employer relied solely on section 9).
 
 V
 
 17
 To support its contention that Beyene could recover money damages through the internal union procedures, Local 911 relied on four district court opinions and certain testimonial and documentary evidence purportedly admitted at trial in an unrelated case. As discussed below, these authorities are insufficient to satisfy Local 911's burden of production.
 
 
 18
 None of the district court opinions support Local 911's position. In three of these cases--Irvin v. Lins, 103 L.R.R.M. (BNA) 2056 (E.D.Mich.1979), Csanadi v. Teamsters, Chauffeurs, Warehousemen and Helpers Local Union No. 773, 463 F.Supp. 276 (E.D.Pa.1978), and Gutierrez v. Puritan Bakery, Inc., 104 L.R.R.M. (BNA) 2356 (C.D.Cal.1980)--the district court did not even address the availability of money damages in internal union proceedings. In the fourth case, McKinley v. Kalex Chem. Prod., Inc., 108 L.R.R.M. (BNA) 3148 (C.D.Cal.1981), the court did conclude that money damages were available under Article XIX, section 9 of the Teamsters Constitution. This holding, however, has been overruled sub silentio by our decision in Ghebreselassie.
 
 
 19
 Nor was the remaining evidence sufficient to satisfy Local 911's burden of production. As noted above, Local 911 submitted both testimonial and documentary evidence in support of its summary judgment motion. This evidence--presented as Exhibits 6 and 7 to Local 911's Motion for Summary Judgment--is insufficient to satisfy Local 911's burden of production for the simple reason that it is inadmissible.
 
 
 20
 It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(e); Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 n. 9 (9th Cir.1980) (citing United States v. Dibble, 429 F.2d 598, 601-02 (9th Cir.1970)). The same rule applies when evidence is submitted pursuant to Federal Rule of Civil Procedure 43(e) in support of a motion to dismiss. See Fed.R.Evid. 101 (Federal Rules of Evidence apply in all proceedings before the United States courts), 1101 (listing certain exceptions to Rule 101, none of which apply here). Beyene raised timely objections to Exhibits 6 and 7 in her opposition papers. She objected on the grounds that the evidence contained in these exhibits was hearsay and lacked foundation. Her objections were well-taken.
 
 
 21
 Federal Rule of Evidence 901(a) requires "authentication or identification as a condition precedent to admissibility." Thus, before evidence may be admitted, a foundation must be laid "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). We have repeatedly held that "documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1987).
 
 
 22
 Exhibit 6 purports to be the testimony of Robert Baptiste, counsel to the International Teamsters Union. It is introduced through the Declaration of Robert D. Vogel. In his declaration, Vogel avers that he served as trial counsel in an unrelated case, Richmond Phillips v. Interstate Brands Corp., No. CV-79-1556-RJK, that "[d]uring the trial, the testimony of the International's labor counsel, Robert Baptiste, was admitted into evidence as defendant's exhibit AR," and that a "[t]rue and correct cop[y] of Mr. Baptiste's testimony" is attached as Exhibit 6. Exhibit 6, however, is neither a certified copy of a transcript nor a signed affidavit.[1] It consists of three typed pages, with the heading "Testimony of Robert Baptiste" at the top of the first page.
 
 
 23
 Vogel's declaration does not lay an adequate foundation for Baptiste's testimony. It is not enough that Vogel characterizes the testimony as a "true and correct copy." See United States v. Dibble, 429 F.2d 598, 602 (9th Cir.1970). In Dibble we stated:
 
 
 24
 A writing is not authenticated simply by attaching it to an affidavit, even if the writing appears on its face to have originated from some governmental agency.... The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery.
 
 
 25
 Id. Such a foundation was not laid in this case.
 
 
 26
 Even if Exhibit 6 had been properly authenticated, however, it would not survive Beyene's hearsay objection. It is an out-of-court statement offered for its truth: the proposition that monetary relief has been awarded in internal union proceedings.[2] Local 911 failed to lay a foundation for any exception to the hearsay rule.
 
 
 27
 Exhibit 7 purports to comprise two exhibits to Baptiste's testimony in the Phillips trial. It consists of numerous internal union memoranda regarding internal proceedings and decisions. Exhibit 7 is attached to the Declaration of Robert D. Vogel. Vogel asserts that "a number of decisions rendered by the International Union's General Executive Board were made reference to in Mr. Baptiste's testimony and admitted into evidence [in the Phillips trial] as defendant's exhibits AP and AU." He then asserts that "[t]rue and correct copies of ... defendant's exhibits AP and AU" are attached as exhibit 7. These documents, like those in Dibble,[3] are copies of memoranda addressed to third parties by other third parties. Neither Vogel's affidavit nor Baptiste's testimony is sufficient to authenticate the documents.
 
 
 28
 Exhibit 7 is also inadmissible on hearsay grounds. The documents comprising Exhibit 7 are out-of-court statements offered for their truth. Local 911 did not attempt to lay a foundation for any exception to the hearsay rule.[4]
 
 VI
 
 29
 In conclusion, Local 911 failed to satisfy its burden of "establish[ing] the availability of adequate internal union remedies." Scoggins v. Boeing Co., 742 F.2d 1225, 1230 (9th Cir.1984). Three of the four district court opinions submitted in support of the union's summary judgment motion do not discuss the availability of damages in internal proceedings under the Teamsters Constitution. The fourth opinion, McKinley v. Kalex Chemical Products, Inc., 108 L.R.R.M. (BNA) 3148 (C.D.Cal.1981), has been overruled sub silentio by our decision in Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892 (9th Cir.1987). The remaining evidence submitted in support of Local 911's summary judgment motion is inadmissible; it lacks foundation and is hearsay. Because Local 911 failed to meet its burden of production under Scoggins, the district court erred in granting summary judgment.
 
 
 30
 Even if we construe the district court's ruling as a ruling on a motion to dismiss, we must reverse. Evidence submitted pursuant to Federal Rule of Civil Procedure 43(e) in support of a motion to dismiss must comply with the Federal Rules of Evidence. See Fed.R.Evid. 101. Here, because Local 911 submitted no admissible evidence to support its contention that money damages are available under the Teamsters Constitution, the district court erred in ruling in Local 911's favor.
 
 
 31
 REVERSED AND REMANDED.
 
 
 
 [1]
 Although we have not addressed the issue in any previous case, at least one circuit has held that "an uncertified copy of testimony is inadmissible in a summary judgment proceeding." Steven v. Roscoe Turner Aeronautical Corp., 324 F.2d 157, 161 (7th Cir.1963)
 
 
 [2]
 In Exhibit 6, Baptiste states: "Defendant Union's Exhibit 'AP' are [sic] examples of General Executive Board decisions I am aware of where the General Executive Board, amongst other things, awarded the prevailing party monetary relief pursuant to the International Constitution."
 
 
 [3]
 In Dibble, we reversed a summary judgment order based on inadmissible evidence. The party moving for summary judgment had submitted an affidavit with exhibits attached. The exhibits consisted of "copies of intradepartmental memoranda, copies of copies of letters addressed to third persons by third persons, and copies of documents styled revocation notices addressed to third persons by third persons." Id. at 602. We held that the exhibits did not comply with Fed.R.Civ.P. 56(e): "None of the documents was authenticated, and all of them were hearsay." Id. It was not enough that the affiant referred to an attached document as a "true copy." Id
 
 
 [4]
 The only exception that might arguably apply is the business records exception, Fed.R.Evid. 803(6). A writing is admissible under this exception only "if two foundational facts are proved: (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity. These facts must be proved through the testimony of the custodian of the records or other qualified witness, though not necessarily the declarant." United States v. Miller, 771 F.2d 1219, 1237 (9th Cir.1985) (citation omitted). Here, no such foundation was laid