988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ANADITE, INC., a Nevada corporation, Plaintiff--Appellee,
v.
LONE STAR FORGE COMPANY, a Texas corporation, Defendant--Appellant.
 Nos. 91-55400, 91-55946.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1993.
Decided March 1, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CV-89-1795-B; Rudi M. Brewster, District Judge, Presiding.
 S.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This contract dispute between two corporations centers on which party bears responsibility for one former employee's retirement benefits. In 1987, Anadite sold its Kropp Forge division in Illinois to Lone Star Forge pursuant to a written Acquisition Agreement. Anadite brought this action in California state court alleging that the Acquisition Agreement required Lone Star Forge to assume Anadite's obligation to pay retirement benefits to former Kropp Forge employee, John Nelson.[1]
 
 
 3
 Lone Star Forge removed the case to federal court and moved to dismiss for lack of personal jurisdiction. The district court denied the motion to dismiss, denied Lone Star Forge's later motion for summary judgment, and sua sponte granted summary judgment to Anadite. This appeal raises three factually based issues. We affirm the district court in all respects.
 
 
 4
 * We review questions of personal jurisdiction de novo when the underlying facts are not in dispute. Sher v. Johnson, 911 F.2d 1357, 1360 (9th Cir.1990). California's state due process requirements are coextensive with federal due process. Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir.1991).
 
 
 5
 A court may exercise either general or specific personal jurisdiction over a nonresident defendant. Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 414 nn. 8-9 (1984). As both parties agree that general personal jurisdiction does not exist in this case, we need only consider specific personal jurisdiction. We use a three-part test to evaluate defendant's contacts with the forum state for purposes of specific jurisdiction.
 
 
 6
 (A) some action must be taken whereby defendant purposefully avails himself or herself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws;
 
 
 7
 (B) the claim must arise out of or result from defendant's forum-related activities; and
 
 
 8
 (C) exercise of jurisdiction must be reasonable.
 
 
 9
 Sher, 911 F.2d at 1361. See also Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir.1988) ("Purposeful availment" requires that the defendant "have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state."). The plaintiff carries the burden of proof to show appropriate jurisdiction. Sher, 911 F.2d at 1361.
 
 
 10
 We agree with the district court that the level of contact in this case gives rise to specific personal jurisdiction in California. The actions show that the defendant purposefully availed itself of the privilege of conducting business activities in California; the claim arises from an alleged breach of the contract created and executed in California; and the exercise of jurisdiction, given the size and sophistication of both parties, is reasonable.
 
 II
 
 11
 Lone Star Forge claims that it was denied procedural due process when the district court, on its own motion, entered summary judgment for Anadite. "[S]ua sponte summary judgment is appropriate where one party moves for summary judgment and, after the hearing, it appears from all the evidence presented that there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law." Portsmouth Square, Inc. v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir.1985) (citations omitted). See Scoggins v. Boeing Co., Inc., 742 F.2d 1225, 1227 n. 1 (9th Cir.1984).
 
 
 12
 "Of course, 'the moving party against whom summary judgment was rendered [must have] had a full and fair opportunity to ventilate the issues involved in the motion.' " Scoggins, 742 F.2d at 1227 n. 1. Lone Star Forge claims it had no notice of the claims against it. This claim is hard to countenance. The parties filed twenty-three pleadings comprising over 225 pages, and the district court conducted a lengthy hearing on the ultimate issue--who bears responsibility for the retirement payments to John Nelson. We affirm the propriety of the sua sponte grant of summary judgment.
 
 III
 
 13
 We review the grant of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). This is the same standard used by the district court under Fed.R.Civ.P. 56(c). Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986).
 
 
 14
 Section 14.14 of the Acquisition Agreement provides that Illinois law applies to the contract and all disputes arising under it. Where no ambiguity exists in a written contract, the intent of the parties must be determined solely from the language used. Empro Mfg. Co., Inc. v. Ball-Co Mfg.,Inc., 870 F.2d 423, 425 (7th Cir.1989) (applying Illinois law). " '[I]ntent in contract law is objective rather than subjective...." Id. "The meaning of a written contract is ordinarily a question of law, and the intention of the parties must be ascertained by the language utilized in the contract itself, not by the construction placed upon it by the parties." Szczerbaniuk v. Memorial Hosp., 536 N.E.2d 138, 143 (Ill.App.Ct.), appeal denied, 545 N.E.2d 132 (Ill.1989).
 
 
 15
 Section 4.1 of the Acquisition Agreement sets forth the general assumption of liabilities by Lone Star Forge. Lone Star Forge claims that other provisions specifically allocate liability and limit the scope of § 4.1. Lone Star Forge asserts that § 10.11 (concerning certain labor/pension liabilities) and § 13.3 (non-union pension plans) define the universe of labor/employee liabilities and duties.
 
 
 16
 The district court held: "[w]here the previously unidentified liability surfaces and is disputed, the effect of the general provision is not diminished by the existence of more particular provisions, provided that the latter are not inconsistent with the former. The liability owed Mr. Nelson is precisely this type of general provision. Section 4.1 is not inconsistent with or contrary to § 10.11 or § 13.3." Order and Memorandum Opinion, December 11, 1990, at 5. We agree with the district court.[2]
 
 
 17
 We find that the Acquisition Agreement places liability for Nelson's monthly payments on Lone Star Forge. The decision of the district court is
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Nelson had retired in Illinois many years before the sale; his retirement plan equalled $1,000 a month from Kropp Forge for the rest of his life. Nelson is seventy-seven years old. Lone Star Forge paid Nelson from September 1987 until June 1989
 
 
 [2]
 Lone Star Forge advances § 12.1 to narrow the application of § 4.1. Section 12.1 provides for the listing on balance sheet schedule 1.18 of specific, assigned liabilities. There is no indication, implicit or explicit, that the liabilities in schedule 1.18 represent an exhaustive list
 On appeal, Lone Star Forge also points to § 10.10 of the Acquisition Agreement. Reference to § 10.10 does not help Lone Star Forge's position.