47 F.3d 1175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edmundo AMAYA, Plaintiff-Appellant,
v.
FOOD 4 LESS; United Food & Commercial Workers, Local 1428,
Defendants-Appellees.
 
 1
 No. 93-56099.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted: Feb. 7, 1995.*
Decided: Feb. 9, 1995.
 
 3
 Before: BRUNETTI and KOZINSKI, Circuit Judges, and SHADUR,** District Judge.
 
 
 4
 MEMORANDUM***
 
 
 5
 Plaintiff-appellant Edmundo Amaya timely appeals from a grant of summary judgment to defendant-appellees Food 4 Less and United Food & Commercial Workers, Local 1428 ("Local 1428"). The district court (Pfaelzer, J.) granted summary judgment because Amaya failed to exhaust internal union remedies as required by Sec. 301(a) of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 6
 Local 1428 showed that Amaya failed to appeal to its executive board from the chapter president's decision not to take his case to arbitration. See Clayton v. International Union, 451 U.S. 679, 695 (1981). The union chapter also showed that its appeals procedure could have reactivated Amaya's grievance against Food 4 Less, making the procedure legally adequate for the purposes of Sec. 301(a). See id.; Scoggins v. Boeing Co., 742 F.2d 1225, 1230 (9th Cir. 1984).
 
 
 7
 Amaya thus bore the burden to show a material issue of fact indicating one of the following: that the internal procedure would have been futile because the union could not have reactivated its grievance, see Scoggins, 742 F.2d at 1230; that Local 1428's officials were "so hostile to [him] that he could not hope to obtain a fair hearing on his claim," Clayton, 451 U.S. at 689; or that exhaustion would have unreasonably delayed his opportunity for a judicial hearing on his claim, see id.
 
 
 8
 We agree with the district court that Amaya proffered no such evidence. Amaya seeks to show hostility because Joe Barragan, Local 1428's president, told him his grievance was unmeritorious. This evidence is not sufficient to create a material fact regarding hostility. Scoggins, 742 F.2d at 1229 n.6. He argues on appeal that the internal union appeals procedure could have lasted longer than the sixty days he had to file a grievance against Food 4 Less, but we decline to consider this argument because he did not raise it in opposition to the motion for summary judgment. See id. at 1229-30. Last, Amaya's alleged ignorance of the internal appeal procedure does not excuse his failure to exhaust that procedure. See Fristoe v. Reynolds Metal Co., 615 F.2d 1209, 1214 (9th Cir. 1980).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3