No. 95–56191.

D.C. No. CV–91–00093–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided April 17, 2001.

Kevan WILSON, Plaintiff–Appellant,

v.

ROCKWELL INTERNATIONAL COR-PORATION; International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Local Union No. 887; Kenneth Kuwata; Rudolph D. Rushing; Frank Beckman; Paul Wasserman; William J. Klein; Earl Colwell, Defendants–Appellees.

Before HUG and B. FLETCHER, Circuit Judges, and KING,* District Judge.

## MEMORANDUM [1]

### I.

Kevan M. Wilson ("Wilson" or "plaintiff") worked as a Satellite Technician for Rockwell International[2] ("Company defendant" or "Rockwell") from February 8, 1982 until he was placed on mandatory medical leave on July 13, 1990. He has never been allowed to return from that medical leave. His employment was subject to a Collective Bargaining Agreement between Rockwell and his exclusive bargaining representative, the United Automobile, Aerospace & Agricultural Implement Workers of America, Local Union No. 887 ("Union defendant" or "Union"). Through the course of his employment, Wilson complained repeatedly about the condition of his work environment and the way he was treated by his superiors. He filed dozens of formal complaints and grievances with the Union.

On February 14, 1991, Wilson sued Rockwell, the Union, and Kenneth Kuwata, Rudolph D. Rushing, Frank Beckman, Paul Wasserman, William J. Klein, and Earl Colwell (the "Individual Defendants") in federal court for claims arising from his complaints and the handling of his grievances. Wilson had been reporting to his supervisors and government regulators for several years about alleged discrepancies in the way Rockwell billed and charged the government for a particular project, known as the RF Test Set. He alleged in his complaint that Rockwell illegally retaliated against him for these whistle-blowing activities. Second, Wilson alleged that he suffered harassment and was passed up for several promotions because of his Aleutian Indian ancestry. Third, Wilson alleged that the Union's unacceptable handling of his many grievances constituted a breach of its duty of fair representation and a breach by Rockwell of the Master Agreement. Finally, Wilson alleged several state law claims that were dismissed by the district court but not raised in this appeal.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

1. *This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.*

2. The Rockwell International Corporation was acquired by the Boeing Company during the pendency of this case and appeal. We will continue to refer to the party as Rockwell in this memorandum.

By three separate orders, the district court granted summary judgment to all of the defendants. Wilson appeals many of the decisions found in those orders.

## II.

■ We do not have jurisdiction to entertain Wilson's appeal of any of the district court's rulings in favor of Rockwell or the Individual Defendants. According to Federal Rules of Appellate Procedure 3 and 4, a notice of appeal must be filed within 30 days of the issuance of the judgment or order that gives rise to the appeal. *Fed. R.App. P.* 3(a)(1), 4(a)(1)(A). These requirements are mandatory, jurisdictional, and an absolute prerequisite to the appellate court's power to consider an appeal. *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

■ On July 31, 1995, Wilson filed a timely notice of appeal of the district court's July 3, 1995 judgment. The district court, however, expressly limited that judgment to the Union defendants, pursuant to Federal Rule of Civil Procedure 54(b). Judgment could not have been granted to the other defendants at that time because the retaliation cause of action against those defendants remained unresolved. Wilson explicitly limited the notice of appeal to "the Judgment as to UNION Defendants Pursuant to F.R.C.P. 54(b)," and attached the July 3, 1995 judgment to the notice. Thus, on its face, Wilson's notice of appeal did not apply to Rockwell or the Individual defendants. Almost three years later, on July 22, 1998, the district court granted summary judgment and entered judgment for these defendants. Wilson, who by this time represented himself in pro per, never filed a notice of appeal following the 1998 judgment.

We read notices of appeal liberally and have often held that facially deficient notices of appeal suffice so long as the appellee had notice that the appellant intended to appeal and was not prejudiced by appellant's failure to file a proper notice of appeal. *See, e.g., Montes v. United States,* 37 F.3d 1347, 1351 (9th Cir.1994); *Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1422–23 (9th Cir.1989); *Lynn v. Sheet Metal Workers' Int'l Ass'n,* 804 F.2d 1472, 1481 (9th Cir.1986); *Anderson v. Allstate Ins. Co.,* 630 F.2d 677, 680–81 (9th Cir. 1980). However, in this case, the notice of appeal was filed almost three years before the entry of judgment in favor of Rockwell and the Individual Defendants. The notice of appeal was limited, on its face, to the "Judgment as to UNION Defendants." Even if we read the notice of appeal as liberally as our cases allow, we cannot conclude that the non-Union defendants had notice of Wilson's intent to appeal the judgment in favor of them that followed three years later.

Accordingly, because Wilson did not file a notice of appeal following the district court's final judgment, we do not have jurisdiction to consider his appeal of any of the district court's rulings in favor of Rockwell or the Individual defendants.

## III.

We do have jurisdiction to consider Wilson's appeal of the district court's rulings in favor of the Union defendant. In his reply brief to this court, Wilson abandoned his appeal of the district court's decisions in favor of the Union defendant regarding the discrimination and retaliation causes of action. He continues to appeal the grant of judgment in favor of the Union defendant for breach of the duty of fair representation.

■ At issue are forty-four grievances filed by Wilson with the Union during the

time he worked for Rockwell. According to the district court, twenty of the grievances were "not in issue," fifteen were time-barred, and the remaining nine were dismissed for Wilson's failure to exhaust his administrative remedies. We affirm. Wilson fails to make any argument with respect to the statute of limitations, and thus, we affirm the district court's decision that fifteen of the grievances were time-barred. None of the remaining grievances may be reviewed because Wilson failed to exhaust his Union's appeals process with respect to them.

The Union defendant met its initial burden of showing that adequate internal union remedies were available. *Lynn v. Sheet Metal Workers' Int'l Assoc.,* 804 F.2d 1472, 1483 (9th Cir.1986); *Scoggins v. Boeing Co.,* 742 F.2d 1225, 1230 (9th Cir. 1984). Wilson's membership in the local Union was governed by an agreement between the Union and Rockwell that required members to avail themselves of the procedures in the Constitution of the Parent Union, the United Automobile, Aerospace & Agricultural Implements Workers of America ("Parent UAW"). These included procedures for intra-Union appeals.

The burden thus shifted to Wilson to show that exhaustion of the Parent UAW's appeals process would have been futile. We agree with the district court that Wilson failed to meet this burden. He failed to show that those who administer the Parent UAW appeals process were so hostile to him that he could not hope to obtain a fair hearing on his claim. *See Clayton v. Int'l Union, United Auto. Workers,* 451 U.S. 679, 689, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981). Nor did he show that exhaustion of the appeals process would have unreasonably delayed his opportunity to obtain a judicial hearing on the merits of his claim. *Id.*

Furthermore, Wilson cannot prove that the internal union appeals procedures would have been inadequate either to reactivate his grievance or award him the full relief that he seeks. *Id.* at 691–92, 101 S.Ct. 2088. Unlike in *Clayton, id.,* the bargaining agreement between the Union and Rockwell permits the Parent UAW to reinstate a grievance through the appeals process, at which time the parties can proceed to arbitration. Because it is Wilson's burden to prove futility, he has the burden to prove that an appeal of at least one of his grievances would have been futile under the terms of the local agreement. Even construing the facts in the light most favorable to him, we hold that he has failed to make such a showing.

We therefore affirm the district court's holding that Wilson was required to exhaust his internal Union remedies and did not do so. The district court did not err in granting the Union summary judgment with respect to the duty of fair representation.

AFFIRMED.