SENIORITY RESEARCH
GROUP, Appellant,

v.

CHRYSLER MOTOR CORPORATION; International Union, United Automobile Aerospace & Agricultural Implement Workers of America–UAW; and United Automobile, Aerospace & Agricultural Implement Workers of America–U.S.A., Local 110, Appellees.

No. 92–1160.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1992.

Decided Oct. 9, 1992.

Connye Y. Harper, Detroit, Mich., argued (Connye Y. Harper, Leonard Page and M. Jay Whitman, on the brief), for appellees.

Charles A. Newman, St. Louis, Mo., argued (Charles A. Newman, Harry W. Wellford, Jr., and Ellen F. Cruickshank, on the brief), for appellee Chrysler Motor Corp.

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Seniority Research Group (the Group) challenges the District Court's[1] grant of summary judgment in favor of Chrysler Corporation, in an action by the Group alleging that Chrysler broke its collective-bargaining agreement with the United Auto Workers Union (the UAW). The Group also alleges that the UAW and UAW Local 110 failed to meet their obligation of fair representation. The District Court held that the Group had not exhausted the intra-union grievance process and was, therefore, barred from bringing suit. We affirm.

### I.

Seniority Research Group is an unincorporated association of approximately 500 employees of the Chrysler Corporation. The Group's members originally worked at Chrysler Plant I in Fenton, Missouri, but were transferred to Plant II, also in Fenton. As a result, the transferred employees lost their job seniority. (Chrysler and the UAW assert that plant seniority, not company-wide seniority, is controlling under the collective-bargaining agreement.)

The Group's members are also members of both the UAW International Union and one of its local affiliates (Local 136 for Plant I and Local 110 for Plant II). The collective-bargaining agreement between Chrysler and the UAW makes the Union the exclusive bargaining agent for the employees at these two plants. This agreement contains a standard provision requiring that disputes be arbitrated. Only the Union may invoke this process. An individual employee may not.

If an employee is not satisfied with the Union's handling of a grievance, the UAW constitution, Article 33, Section 2, provides for an intra-union appeal process. There are two separate procedures a Union member may follow. Section 2(a), the only procedure discussed in the District Court's opinion, describes a three-step appeal process. First, the member must appeal the handling of his grievance to the membership of the local union, then to the International Executive Board. Finally, the member may appeal to either the Convention Appeals Committee or the Public Review Board.

Phillip Portwood, on behalf of the Group, satisfied the first step when the membership of Local 110 rejected his appeal. The Group then appealed to the local executive board, without success. Finally, an appeal was made to the International Executive Board through the International President. The President, Owen Bieber, referred the grievance first to the UAW's regional office and then to its Chrysler Department. In the letter referring the Group's appeal to the Union's Chrysler Department, the President's administrative assistant told the Group that if they were not satisfied with the actions of the Chrysler Department, they could appeal to President Bieber under Article 33, Section 2(b) of the UAW constitution. Section 2(b) provides a separate, one-step, appeals procedure. This appeal is taken directly to the International President. The constitution states:

> For an interpretation of a collective bargaining agreement by a National Department or Regional Director, where the interpretation is so obviously correct that

1. The Hon. Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

no purpose will be served by an appeal, and where it is consistent with other provisions of this Constitution and International Union policy, the appeal shall be directly to the International President. There shall be no further appeal from that decision.

The Chrysler Department rejected the appeal. The Group took no further action to pursue any intra-union remedy. It did not appeal to the Convention Appeals Committee or the Public Review Board under Section 2(a), nor did it appeal to President Bieber personally under Section 2(b). The Group filed this complaint for a declaratory judgment with the District Court on September 22, 1989. It alleged that Chrysler broke its collective-bargaining agreement by depriving Group members of their seniority and failing to give proper notice of the transfer, and that Chrysler was guilty of fraud. The Group charged that the UAW and Local 110 broke the collective-bargaining agreement and failed to meet their duty of fair representation.

Chrysler moved for judgment on the pleadings or for summary judgment. Chrysler claimed the Group was not entitled to petition the Court until it had exhausted the grievance procedure contained in the collective-bargaining agreement and the intra-union appeal process. The Group responded by asserting that it had exhausted the Section 2(a) procedure or, alternatively, that it was excused from the exhaustion requirement because of the Union's hostility. The District Court considered evidence outside of the pleadings and treated Chrysler's motion as one for summary judgment. The District Court held that the Group had not exhausted the intra-union appeal process and that exhaustion was not excused. The District Court granted Chrysler's motion and dismissed the Group's claims without prejudice.

## II.

On appeal, the Group argues that summary judgment was improper because there remained genuine issues of material fact as to which subsection of Article 33, Section 2, applied to the case and as to the futility of the intra-union appeal. Chrysler counters these arguments by asserting that there is no genuine factual issue as to whether the Group failed to exhaust the intra-union grievance procedure. Chrysler also asserts that the Group is precluded from raising the issue of exhaustion of the Section 2(b) procedure since that issue was not raised in the District Court.

■ Normally, a party may not raise an issue for the first time on appeal as a basis for reversal. *Davis v. Wyrick*, 766 F.2d 1197, 1204 (8th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1209, 89 L.Ed.2d 322 (1986). In *Stafford v. Ford Motor Co.*, 790 F.2d 702 (8th Cir.1986) (*Stafford I*), we stated the reasons for this rule:

First, the record on appeal generally would not contain the findings necessary to an evaluation of the validity of an appellant's arguments.... Second, there is an inherent injustice in allowing an appellant to raise an issue for the first time on appeal.

*Id.* at 706 (citation omitted).

■ There are exceptions, as where the obvious result of following the rule would be a plain miscarriage of justice or would be inconsistent with substantial justice. *Kelley v. Crunk*, 713 F.2d 426 (8th Cir.1983). In *Stafford I*, a case in many ways similar to this one, this Court found that substantial justice required a review of whether the Section 2(b) procedure had been exhausted, even though the issue had not been raised before the trial court. In that case, the plaintiff completed only part of the Section 2(a) procedure, then wrote to the UAW President. The trial court found that the plaintiff had not exhausted his intra-union appeals and granted the defendant's motion for summary judgment. On appeal to this Court, Stafford argued that his letter to the Union President had been treated as an appeal under Section 2(b), and that the President's referral of the letter to the National Ford Department satisfied the exhaustion requirement. The District Court's opinion discussed only the 2(a) procedure. We held:

... Stafford's section 2(b) argument raises genuine issues that should be re-

solved—namely, whether Stafford's situation is the type of situation to which this provision was intended to apply, and whether Stafford's letter ... to the UAW International President qualifies as an "appeal" under this provision. The record below, however, does not contain any evidence on the section 2(b) issue, and it would be inappropriate for us to attempt to resolve on this record an issue not considered by the District Court.

790 F.2d at 707.

Because we believed that failure to decide whether Stafford had exhausted the Section 2(b) procedure "would be inconsistent with substantial justice," *id.*, we reversed the grant of summary judgment and remanded the cause for a determination of the Section 2(b) issue. On remand, the District Court found that Stafford's letter to the UAW President was not a Section 2(b) appeal and again granted summary judgment for Ford and the UAW. We disagreed. In *Stafford v. Ford Motor Co.*, 835 F.2d 1227 (8th Cir.1987) (*Stafford II*), we held that Stafford was justified in not pursuing his appeal further, because of a letter he received from the President's Administrative Assistant. This letter acknowledged Stafford's appeal and notified him that it was being referred to the National Ford Department. Because of this letter, we held that "Stafford was justified in believing the National Ford Department spoke for the President and that its decision was final." *Id.* at 1231 & n. 10.

█ In the present case, it appears that the District Court considered only whether the Group had exhausted the Section 2(a) procedure. We must follow our prior decision in *Stafford I* and, under that analysis, the judgment of the District Court cannot be affirmed without deciding whether the Group exhausted the Section 2(b) procedure. "The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). The record before us, unlike the record in

*Stafford*, is sufficient to enable us to decide the 2(b) issue. Subsection (b) provides only an appeal to the International President, Owen Bieber. Like Mr. Stafford, the Group contacted the President. President Bieber's administrative assistant referred the Group to the Union's Chrysler Department and stated, "if you ... are dissatisfied [with the Chrysler Department's decision], you may then appeal to the International President...." Addendum 19.

Thus, the Group was provided with recourse to the President after the referral to the Chrysler Department, an avenue of relief it did not pursue. Mr. Stafford was treated differently. In his case, the President's office did not indicate a willingness to receive his appeal if he was not satisfied with the referral to the Union's Ford Department. This difference is important because, in this case, an appeal to the President under Section 2(b) remained available to the Group, and this appeal was never taken. Unlike Stafford, the Group could not reasonably believe the decision of the Chrysler Department was final. Therefore, we hold that the Group has not exhausted the Section 2(b) procedure.

### III.

It is clear that the Section 2(a) procedure was never exhausted. The Group did not appeal beyond the International Executive Board to the Convention Appeals Committee or the Public Review Board, as it could have done. The Group argues, however, that there remained genuine factual issues as to whether it should be excused from the exhaustion requirement. In *Clayton v. International Union, United Auto., Aerospace and Agr. Implement Workers of America*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), the Supreme Court gave three factors which may be considered to excuse a failure to exhaust intraunion remedies. The first of these requires a showing that "union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim...." *Id.* at 689. This is the only excuse the Group offers.

The District Court considered the Group's evidence, in the form of affidavits, supporting its claim that Union officials were so hostile to their grievance that further appeals would be futile. The Court held that the Group had made no showing of hostility towards it or its members on the part of the International Executive Board, the Convention Appeals Committee, or the Public Review Board. The District Court concluded that, because there was no showing of hostility at these levels, the Group was not excused from following its Section 2(a) appeal process to the end. We agree. A showing of hostility at each level of the appeal process is necessary to establish this exception to the exhaustion requirement. *Sosbe v. Delco Elec. Div. of Gen. Motors Corp.,* 830 F.2d 83, 86 (7th Cir.1987). This is one of the reasons for providing a further appeal: if an impartial hearing is not available at one level, it can be obtained at the next.

Similarly, if the Group had followed the Section 2(b) procedure, its next and final appeal would have been from the Chrysler Department to the International President, Owen Bieber. The record before us contains the correspondence between the Group and President Bieber. There is no indication of hostility on President Bieber's part towards the Group's grievance. Therefore, we conclude that an appeal to President Bieber under Section 2(b) would not be futile, and that the Group is not excused from the exhaustion requirement.

### IV.

The normal consequence of a holding that a plaintiff has failed to exhaust intra-union remedies is a dismissal without prejudice. The plaintiff, once these remedies are exhausted, if complete relief has not been obtained, can return to court. Here, however, the UAW argues that the Group is now barred from pursuing its Section 2(b) appeal to President Bieber because the time fixed in the Union constitution on the taking of such an appeal has run. (Both the plaintiffs and the Union now seem to agree that in the circumstances of this case the proper appeal avenue is set forth in Section 2(b), and not Section 2(a).) At the oral argument, we explored the question of timeliness with counsel for the Union, and she informed us that the constitution provides either a thirty-day or a sixty-day limit for appeals to the different levels of the Union structure. The provision counsel quoted, however, does not mention the International President as such. Counsel took the position that a reference to the International Executive Board should be read to include appeals to the International President.

This issue has not been briefed in this Court. We are hesitant to decide it without giving both sides an opportunity to explore any legal or factual issues that might be relevant. We therefore leave the question of timeliness to another day. If the Group does pursue its appeal to the International President, and if he does not grant the relief sought, and if the Group then files another suit in court, the District Court at that time may address the issue of timeliness, if the defendants raise it.

The judgment of the District Court, dismissing the complaint for failure to exhaust intra-union remedies, is

Affirmed.