United States Court of Appeals
FOR THE EIGHTH CIRCUIT

No.  96-3660
_____

United States Department   *
of Labor; Robert B. Reich,  *
Secretary of U.S.           * Appeal from the United
Department of Labor,        * States
                                * District Court for the
       Appellants,        * Western District of
                                * Missouri.
    v.                         *
                                *
Rapid Robert's Inc.;       *
Robert E. Wilson, Jr..

       Appellees.

_____

Submitted:  April 10, 1997

Filed:   December 2, 1997
_____

Before MCMILLIAN, FLOYD R. GIBSON, and JOHN R. GIBSON,
    Circuit Judges.
_____

JOHN R. GIBSON, Circuit Judge.

The United States Department of Labor and its
Secretary appeal from an order of the district court
granting attorneys' fees to Rapid Robert's, Inc. as a
result of the district court setting aside an order of
the Secretary of the United States Department of Labor
assessing penalties against Rapid Robert's for violation

of the Employee Polygraph Protection Act, 29 U.S.C. §§ 2001-2009 (1988), and implementing

regulations.  The Secretary concedes that Rapid Robert's was the prevailing party in the litigation on the merits, but argues the district court erred in holding that the Department's position was not substantially justified, and in awarding fees. We decline to address the issue of substantial justification and instead hold that special circumstances exist which would make the award of attorneys' fees unjust.  Accordingly, we reverse.

In 1990, Rapid Robert's performed fifteen polygraph examinations of  employees, testing five employees on March 10, May 31, and June 11.  Rapid Robert's explained that it performed the polygraphs to investigate heightened inventory losses occurring close to those dates.  The Department of Labor sought penalties from Rapid Robert's, claiming that the polygraph examinations violated the Employee Polygraph Protection Act.

This Act, which was enacted June 27, 1988, became effective six months following that date on December 27, 1988.  Congress had directed the Secretary of Labor to issue rules and regulations not later than ninety days after June 27, 1988, or September 25, 1988.  The interim final regulations, however, were actually promulgated on October 21, 1988, with comments requested on or before February 27, 1989.  The final regulations were eventually promulgated three years later on March 4, 1991, with the effective date of April 3, 1991.

The Department conducted an investigation, issued a notice of violation, and assessed a $74,000 penalty. Rapid Robert's denied the violations and requested an administrative hearing.

The ALJ found that Rapid Robert's had made a good faith effort to comply with the Act and had not terminated any employees based on the polygraph examinations.

Although it found Rapid Robert's and its President, Robert Wilson, liable for violating the Act, it reduced the penalty to $26,000.[1]

All parties appealed the ALJ's decision to the Secretary. The Secretary affirmed the $26,000 penalty, although articulating somewhat different reasoning. Further, the Secretary rejected the ALJ's exception not to hold Wilson personally liable and placed liability upon Wilson as an employer under § 2001(2).

Rapid Robert's then sought review of the Secretary's decision in the district court. Rapid Robert's argued that the Secretary's decision was unlawful because the Department of Labor implemented the controlling interim regulations without notice or the opportunity for public comment in violation of the Administrative Procedure Act, 5 U.S.C. § 551, as well as the Fifth and Fourteenth Amendments of the United States Constitution. Additionally, Rapid Robert's claimed that the Department failed to provide technical assistance as required by the

---

[1]Specifically, the ALJ found that Rapid Robert's failed to give proper notice according to 29 U.S.C. § 2006(d)(4). The amount assessed for violation of 29 U.S.C. § 2006(d) was reduced to $500 for each of eight incidents in which the notices provided to employees did not comply with the content requirements set forth in § 2006(d)(4). The ALJ assessed $1000 for each of seven incidents in which the notices not only contained insufficient content but also were not provided to employees at least forty-eight hours before testing. The ALJ upheld the penalty of $1,500 assessed for each of six counts of unlawfully threatening to discipline employees refusing to submit to polygraph testing in violation of 29 U.S.C. § 2002(3)(A). With respect to the unlawful suspension of three employees, the ALJ reduced the $22,000 in penalties for violations of 29 U.S.C. §§ 2002(3)(A) and 2002(4)(C) to a penalty of $2000 for each of the three violations.

Act, that Wilson was not an employer under the Act, and that it conducted the polygraph examinations in accordance with the ongoing investigation exemption in 29 U.S.C. § 2006(d). Rapid Robert's prayed that the decision of the Secretary and the administrative law judge be reversed and set

aside, and that it be awarded its attorneys' fees. As a result, the district court dismissed the enforcement action.

The court held that it was undisputed that the Department brought the enforcement action under the interim final regulations, not the final regulations. In analyzing the requirement of the Administrative Procedure Act for notice and comment, the court rejected the argument that the situation fell within the "good cause" exemption contained in 5 U.S.C. § 553(b)(3)(B). After considering legislative history as well as law from this circuit, the district court concluded that the good cause exemption applies only in narrow circumstances where the facts and interests are such that notice and comment is impossible or manifestly unnecessary. The court rejected the Secretary's argument that ninety days was insufficient to solicit public comments, review them, and promulgate final regulations. Likewise, the court rejected the Secretary's argument that the good cause exemption applied because the interim regulations obviated uncertainty on the part of employers, employees, and polygraph examiners concerning the scope of the statutory coverage and the exemptions. The court held that the regulations were promulgated without public participation under § 553(b)(3)(B), and therefore, were invalid. The district court set aside the decision of the Secretary and entered judgment in favor of Rapid Robert's. The Secretary did not appeal.

Thereafter, Rapid Robert's applied for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (1997). The court found that Rapid Robert's was the prevailing party under the Act, that the Secretary of

Labor's position in the litigation was not substantially justified, and that the award of attorneys' fees and expenses was proper.

The district court's decision to set aside the Secretary's decision and enter judgment in favor of Rapid Robert's is not in issue. It was not appealed, and the Secretary concedes that no issue is raised concerning its propriety. The only issue before us is the propriety of the attorneys' fee award. The district court held that the

Department lacked substantial justification for its position simply because it lost on the merits. For the most part, both parties on appeal battle over the question of whether the issuance of the interim regulations without notice and comment was such that it could not be defended. The government also argues that its position was substantially justified because the pursuit of penalties against Rapid Robert's was primarily based on violations of the statute and not the interim regulations.

While the parties have vigorously asserted their positions with respect to the propriety of the interim regulations, we need not tread that sensitive ground to reach the issue of attorneys' fees. Under the Equal Access to Justice Act, the court should deny an award of attorneys' fees not only when the government's position is substantially justified but also when "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The district court's decision concerning an application for fees under the EAJA is reviewed for abuse of discretion. S.E.C. v. Kluesner, 834 F.2d 1438, 1439 (8th Cir. 1987). Under this standard, the district court's conclusions of law are reviewable under a de novo basis, and its factual findings are reviewed for clear error. Id. at 1439-40.

In explaining the "special circumstances" exception, the House Report accompanying the EAJA stated:

> Furthermore, the Government should not be held liable where "special circumstances would make

an award unjust."  This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts.  It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

H.R.Rep. No. 1418, 96th Cong., 2d Sess. at 11, reprinted in 1980 U.S.C.C.A.N 4953, 4990. "The EAJA thus explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party." Oguachuba v. INS, 706 F.2d 93, 98 (2d Cir. 1983).

Relying on this direction, courts have denied attorneys' fees in a number of different situations. For example, in Oguachuba, the Second Circuit upheld the district court's denial of attorneys' fees to an applicant who, because of a technical error by the INS, prevailed on a petition for writ of habeas corpus despite having repeatedly violated federal immigration laws. Id. at 99. In reaching its result, the appellate court found the petitioner to be "without clean hands." Id.; see also Taylor v. United States, 815 F.2d 249 (3rd Cir. 1987) (denying attorneys' fees under EAJA where applicant for fees took advantage of unlawful government action but then challenged that action to avoid serving valid manslaughter conviction).

In United States v. 27.09 Acres of Land in Town of Harrison, 43 F.3d 769 (2d Cir. 1994), an otherwise eligible and prevailing party was denied attorneys' fees because it did not substantially contribute to the successful phase of the litigation. Id. at 775. Purporting to apply general equitable principles, the Second Circuit reasoned that "where one or more ineligible parties are willing and able to pursue the litigation against the United States, the parties eligible for EAJA fees should not be able to take a free ride through the judicial process at the government's expense." Id. (quotation and citation omitted).

-11-

The circumstances surrounding the present case similarly demand that attorneys' fees be denied. The government argues that, regardless of the validity of the interim regulations, Rapid Robert's committed several violations of the statute itself. These statutory violations have gone unpunished as the result of the district court's order setting aside the Secretary of Labor's decision.

The government did not argue the statutory basis of the penalties before the district court, and ordinarily we do not consider issues raised for the first time on appeal. See Miller v. Federal Emergency Management Agency, 57 F.3d 687 (8th Cir. 1995). This general rule, however, is not absolute. As the Supreme Court has stated,

> The matter of what questions may be taken up and resolved for the first time of appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases. We announce no general rule. Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, or where injustice might otherwise result.

Singleton v. Wulff, 428 U.S. 106, 121 (1975) (quotations and citations omitted).

This court has applied an exception to the general rule where "the obvious result of following the rule would be a plain miscarriage of justice or would be inconsistent with substantial justice." Seniority Research Group v. Chrysler Motor Corp., 976 F.2d 1185, 1187 (8th Cir. 1992). We believe this exception applies here.

Rapid Robert's direct violations of the statutory provisions are outlined in detail in the ALJ's order. As a result, the record on the issue is well-developed and amenable to our review. The Secretary briefed and argued the statutory basis for the penalties, and Rapid Robert's had the opportunity to respond. Therefore, it is

appropriate for us to consider whether Rapid Robert's relief from valid statutory penalties constitutes a special circumstance which would make an award of attorneys' fees unjust.

While the district court focused exclusively on the validity of the interim regulations, the vast majority of the penalties levied against Rapid Robert's were for direct violations of statutory provisions.

An analysis of the administrative law judge's order reveals that the only violations which depended on the regulations were those related to the failure to give 48-hour advance notification of testing. See 29 C.F.R. § 801.12(g)(2). Because the statutory language specifies only that written notice be provided before the polygraph test, the 48-hour time frame was derived purely from the interim regulations. See 29 U.S.C. § 2006(d)(4). Therefore, without the interim regulation, the administrative law judge could not conclude that Rapid Robert's did not give written notice sufficiently in advance of testing.

The other violations were based on requirements plainly set forth in the statute. The administrative law judge found fifteen violations related to the content of the written notices provided by Rapid Robert's to its employees. Namely, the written notices did not set "forth with particularity the specific incident or activity being investigated" as required by 29 U.S.C. § 2006(d)(4)(A) and did not describe "the basis of the employer's reasonable suspicion" as required by 29 U.S.C. § 2006(d)(4)(D)(iii). Rapid Robert's argues that the interim regulations provided a detailed description of "reasonable suspicion." See 29 C.F.R. § 801.12(g)(3) (Interim 1989). The administrative law judge, however, referred primarily to a line of Supreme Court decisions to determine the meaning of "reasonable suspicion." Thus, he did not rely on regulatory language to interpret the statutory requirements or to ascertain that those requirements had been violated.

Rapid Robert's was also held accountable for six violations involving unlawful threats in conjunction with

polygraph examinations and for three violations involving unlawful employee suspensions.  While the administrative law judge found that Rapid Robert's violated both the statute and the regulations in these instances, only the statutory language was necessary to find the violations as the statutory and regulatory provisions were virtually identical.  <u>Compare</u> 29 U.S.C. §§  2002(3)(A), 2002(4)(C),

with 29 C.F.R. § 801.4(a)(3). Therefore, Rapid Robert's was in clear violation of the statute regardless of the validity of the interim regulations.[2]

When the district court set aside the decision of the Secretary of Labor, the court released Rapid Robert's from all penalties, not just those rooted in regulatory violations. Consequently, Rapid Robert's recognized a substantial benefit beyond mere relief from the interim regulations. For the seven violations of the 48-hour advance notice requirement, the administrative law judge levied penalties totaling $3500. The remaining $22,500 in penalties were levied for other violations which, as discussed above, stemmed from clear violations of the statute.

While we may not disrupt the district court's disposition on the merits, the consequence of that disposition is a factor in weighing the equities of awarding attorneys' fees. Here, the district court relieved Rapid Robert's of over seven times the amount of penalties which actually resulted from the invalidated regulations. Rapid Robert's has reaped a windfall by escaping its duty to pay for clear violations of a valid statute. To add to that windfall by requiring the government to pay attorneys' fees and expenses would be

---

[2]In its brief, Rapid Robert's argues that §§ 801.40-.43 of the interim regulations dictated the procedures for enforcement actions and the assessment of penalties under the Employee Polygraph Protection Act. The Administrative Procedure Act, however, provides that rules of agency procedure or practice are exempt from the requirements of notice and hearing. 5 U.S.C. § 553(b)(3)(A) (1997). Thus, the validity of the enforcement procedures contained in the interim regulations was never at issue.

patently unjust.  We conclude that the district court abused its discretion by failing to find special circumstances in this case.

We reverse the district court's order.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

.