149 F.3d 1186
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Alan COBB, Appellant,
v.
CHRYSLER CORPORATION; International Union, United
Automobile, Aerospace & Agricultural Implement Workers of
America, Local 110; International Union, United Automobile,
Aerospace & Agricultural Implement Workers of America,
Region 5, Appellees.
 No. 97-1631.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 28, 1998.
Filed May 1, 1998.
 
 Appeal from the United States District Court for the Eastern District of Missouri.
 Before BOWMAN, Chief Judge, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Alan Cobb appeals from the district court's[1] entry of summary judgment in favor of Chrysler Corporation (Chrysler); International Union--United Automobile, Aerospace and Agricultural Implement Workers of America, Region 5; and International Union--United Automobile, Aerospace and Agricultural Implement Workers of America, Local 110 (collectively with Region 5, UAW), in this action alleging that UAW breached its duty of fair representation and that Chrysler breached the collective bargaining agreement. We affirm.
 
 
 2
 After Chrysler discharged Cobb for an unauthorized, unexcused absence, UAW filed a grievance on behalf of Cobb, which it later withdrew. Cobb did not attempt to appeal the grievance withdrawal until after the thirty-day time period in which to do so, as provided by the UAW's Constitution. We thus agree with the district court that Cobb failed to timely exhaust his internal union remedies. See Clayton v. Automobile Workers, 451 U.S. 679, 687-89, 694-96, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1989) (generally, prior to commencing action alleging union breached duty of fair representation and employer breached collective bargaining agreement in federal court, employee must exhaust internal union remedies).
 
 
 3
 We further conclude that Cobb's additional arguments on appeal are without merit.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Edward L. Filippine, United States District Judge for the Eastern district of Missouri