# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2164

_____

| | | |
|---|---|---|
| Willie James Henderson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kenneth S. Apfel, Commissioner of | * | [UNPUBLISHED] |
| Social Security, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| State of Arkansas, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: November 4, 1998
Filed: November 17, 1998

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Willie James Henderson appeals the district court's[1] dismissal of his action against the Secretary of Health and Human Services. Henderson, acting pro se and in

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

forma pauperis, filed a complaint naming the Secretary as the only defendant.

This court reviews de novo the district court's dismissal of a complaint for lack of subject matter jurisdiction based on failure to exhaust administrative remedies. See United States v. Dico, Inc., 136 F.3d 572, 575 (8th Cir. 1998). To the extent this lawsuit seeks review of a disability claim currently pending before the Social Security Administration (SSA) we agree with the district court that Henderson had not exhausted his administrative remedies, as evidence submitted by the SSA showed that Henderson's request for reconsideration was pending when he filed this action. See 20 C.F.R. § 416.1400(a) (1998) (listing steps of administrative review leading to final decision). Even assuming that Henderson is attempting to bring an action for a disability claim other than the one addressed by the Commissioner, he failed to show that he exhausted his remedies with the SSA. Accordingly, his complaint was properly dismissed. See 42 U.S.C. § 405(g) (claimant may seek judicial review only after final decision by Commissioner following hearing); Rowden v. Warden, 89 F.3d 536, 537-38 (8th Cir. 1996) (court must dismiss for lack of subject matter jurisdiction if plaintiff fails to exhaust administrative remedies without cause); Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (plaintiff must allege elements necessary for subject matter jurisdiction).

Consistent with exhaustion principles, however, we modify the dismissal to be without prejudice. Cf. Calico Trailer Mfg. Co. v. Insurance Co. of North America, No. 97-3355, 1998 WL 569128, at *2 (8th Cir. Sept. 9, 1998); Seniority Research Group v. Chrysler Motor Corp., 976 F.2d 1185, 1189 (8th Cir. 1992).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.