**Randy HAMMER, Plaintiff–Appellant,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE, AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA; and its Local Union, No. 550, Defendants–Appellees.**

No. 98–2389.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 9, 1999.

Decided May 10, 1999.

Michael L. Schultz (argued), Indianapolis, IN, Kathleen A. Musgrave, Kendall Law Office, Indianapolis, IN, for Plaintiff–Appellant.

Nora L. Macey (argued), Macey, Macey & Swanson, Indianapolis, IN, for Defendants–Appellees.

Before CUDAHY, RIPPLE, and DIANE P. WOOD, Circuit Judges.

CUDAHY, Circuit Judge.

When Randy Hammer, UAW member and Chrysler machinist, arrived at work on March 25, 1997, Chrysler and union officials called him into a meeting, accused him of theft, immediately suspended him without pay, searched his locker and escorted him out of the plant. About a week later, Hammer was terminated. The UAW filed a grievance on Hammer's behalf, and a series of meetings between Chrysler and union officials followed. Chrysler eventually admitted error and offered to reinstate Hammer on June 1 with two weeks of back pay (plus a week of vacation pay and a week of personal time pay). Hammer accepted the offer and was told by both Chrysler and the UAW that no further grievances would be filed and that the case was closed. He went back to work the next day.

Hammer later discovered that Chrysler had allegedly extended an offer of reinstatement just two weeks after his termination. He learned that his union representatives had rejected the offer in order to leverage their negotiations concerning the reinstatement of several other UAW members who also were terminated after being accused of theft. Hammer sued his union—both the International and the Local—claiming it breached its duty of fair representation in violation of § 301 of the Labor Management Relations Act. Specifically, Hammer alleged that the UAW's failure to inform him of the offer, return

his phone calls and actively represent his interests had resulted in lost wages (about eight weeks of back pay, he says), damage to his reputation and emotional distress. The UAW moved to dismiss and, alternatively, for summary judgment on the ground that Hammer had failed to exhaust his internal remedies. The district court granted summary judgment for the UAW holding that Hammer's failure to pursue UAW appeals processes doomed his case. Hammer appeals.

In *Clayton v. UAW*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981), the Supreme Court addressed the propriety of requiring exhaustion. It held that "where an internal union appeals procedure cannot result in reactivation of the employee's grievance or an award of the complete relief sought ... exhaustion will not be required with respect to either the suit against the employer or the suit against the union." *Id.* at 685, 101 S.Ct. 2088. The Court refused, moreover, to impose a "universal exhaustion requirement" in cases in which complete relief *could* result from internal processes and instead directed the lower courts to use three factors in considering whether to require exhaustion:

> first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust.

*Id.* at 689, 101 S.Ct. 2088. Consistent with the Supreme Court's prescribed flexible approach, a court can excuse exhaustion if the plaintiff shows the futility of pursuing internal remedies. *See, e.g., Sosbe v. Delco Elec.*, 830 F.2d 83, 86 (7th Cir.1987). This is a fact-specific inquiry, not limited to the Supreme Court's three factors. *See, e.g., Fulk v. United Transp. Union*, 108 F.3d 113, 117 (7th Cir.1997); *Frandsen v. Brotherhood of Ry., Airline and Steamship Clerks*, 782 F.2d 674, 682 (7th Cir. 1986). It is well-settled, though, that a plaintiff must show that union hostility is so pervasive that it infects every step of the internal appeals process. *See, e.g., Sosbe*, 830 F.2d at 86. Absent a showing of futility, this Circuit requires exhaustion where a plaintiff seeks equitable relief, such as the reinstatement of a grievance, *see Miller v. General Motors Corp.*, 675 F.2d 146, 149 (7th Cir.1982); *see also Stevens v. United Bhd. of Carpenters*, 20 F.3d 720, 731 (7th Cir.1994), and in cases in which a plaintiff seeks money damages. *See Tinsley v. United Parcel Serv., Inc.*, 665 F.2d 778, 780 (7th Cir.1981), so long as the internal processes can give complete relief.

Hammer first argues that the district court abused its discretion in imposing the exhaustion requirement. He concedes that the UAW's internal processes might have resulted in the reinstatement of the grievance, but claims that he could not have obtained the relief he sought (money damages from the UAW rather than from Chrysler) even had he prevailed. He reads *Clayton* to suggest that exhaustion is not required in cases such as this. Hammer is wrong on both the facts and the law. Pursuant to the UAW Constitution, Article 32, the UAW could have awarded Hammer damages if it found that it had breached its duty of fair representation. Hammer sprinkles protestations of ignorance throughout his arguments, claiming he was not aware of the scope of his internal remedies. Union members, however, have an affirmative duty to educate themselves about the available internal procedures. *See, e.g.,*

*Miller,* 675 F.2d at 150.[1] Further, although *Clayton* does not mandate exhaustion, the policies underlying exhaustion favor it here. UAW internal procedures could ultimately have resulted in both money damages and the reinstatement of Hammer's grievance—complete relief and more. Where the dispute might be resolved privately and the union might be afforded an opportunity to interpret its own governing document and provide robust processes, exhaustion is appropriate. *See Stevens,* 20 F.3d at 732.

Hammer next contends that, even if exhaustion is required, the district court should have excused it because the pursuit of internal appeals would have been futile. He focuses on his Local's alleged hostility as evidence that all union processes would have been stacked against him. Again, hostility must permeate every step of the internal appeals process to excuse exhaustion. *See Sosbe,* 830 F.2d at 86. The UAW Constitution provides for four layers of internal appeals, two at the local level, one to the international union and a final appeal to an independent panel, the Public Review Board (PRB).[2] These available processes could have taken Hammer's case outside the allegedly hostile Local, to the international union or even to the PRB. Hammer has not pointed out any evidence which could be construed to impugn the integrity or neutrality of either the International or the PRB. *See Battle v. Clark Equip. Co.,* 579 F.2d 1338, 1343 (7th Cir. 1978); *Sosbe,* 830 F.2d at 86; *accord, Wagner v. General Dynamics,* 905 F.2d 126, 128 (6th Cir.1990) (in a case claiming the futility of UAW internal appeals, the plaintiff must show that even the PRB cannot fairly review his claims); *Seniority Research Group v. Chrysler Motor Corp.,* 976 F.2d 1185, 1189 (8th Cir.1992) (same). Therefore, Hammer's allegations of local hostility do not excuse his failure to exhaust the internal processes, and the district court's order granting the UAW's motion for summary judgment is AFFIRMED.

1. For the same reason, Hammer's reliance argument—that he reasonably relied upon the representations of both Chrysler and the union that his grievance was closed—fails. *See Miller,* 675 F.2d at 150.

2. A union member can choose to argue his final appeal before the Convention Appeals Committee, a panel of high-ranking union officials, instead of the PRB.