**Stephen J. McCLIMON,**
**Plaintiff–Appellant,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA LOCAL 434, and Deere & Company, Defendants–Appellees.**

No. 01–1446.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 30, 2001.

Decided Dec. 7, 2001.

Before CUDAHY, EASTERBROOK, and WILLIAMS, Circuit Judges.

### ORDER

Shortly after he was terminated from his position at Deere & Company, Stephen McClimon filed a grievance against Deere pursuant to his union's grievance procedure. He proceeded through the preliminary steps of the procedure, but his grievance was withdrawn at the arbitration stage by one of the union's representatives, Jim Hecker. McClimon did not appeal Hecker's withdrawal through the union's internal appeals procedure. Instead, he filed this suit against Deere for breach of the collective bargaining agreement, and against his union (International Union, United Automobile, Aerospace and Agri-

cultural Implement Workers of America, Local 434) for breach of the duty of fair representation.

Under § 101(a)(4) of the Labor–Management Reporting and Disclosure Act, courts have discretion to require an employee to exhaust his internal union appeals procedure before bringing suit against his employer for breach of a collective bargaining agreement or against his union for breach of the duty of fair representation. *Clayton v. Auto. Workers,* 451 U.S. 679, 689, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981); *NLRB v. Indus. Union of Marine and Shipbuilding Workers,* 391 U.S. 418, 426, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968). The district court granted the union's and Deere's motion for summary judgment based on McClimon's failure to exhaust his union's internal appeals procedure. McClimon appeals, asking us to reverse, but we agree with the district court that exhaustion is appropriate.

Exhaustion may be excused if any one of four circumstances exist: (i) the appeals procedure itself is inadequate; (ii) the union officials are so hostile to the employee that he could not hope to obtain a fair hearing; (iii) exhaustion would unreasonably delay judicial review; or (iv) exhaustion is otherwise unreasonable. *See Hammer v. Int'l Union, et al.,* 178 F.3d 856, 858 (7th Cir.1999). McClimon attempts, but fails, to show each:

1. A union's appeals procedure is deemed adequate if it can reactivate the employee's grievance or independently award him the full relief he seeks. *See Clayton,* 451 U.S. at 689; *Miller v. Gen. Motors Corp.,* 675 F.2d 146, 149 (7th Cir. 1982). Here, despite McClimon's argument to the contrary, a binding addendum to the collective bargaining agreement makes clear that grievances ultimately determined meritorious through the appeals procedure may be reinstated, *i.e.,* reactivated.

2. McClimon has not pointed to sufficient evidence of hostility. Hecker, the union representative in charge of his claim at the arbitration stage of the grievance procedure, withdrew McClimon's grievance from arbitration because he believed that McClimon's defense would not persuade the arbitrator. McClimon argues that this decision was made in bad faith and, for this and other reasons, Hecker, who he alleges would continue to represent him were he required to exhaust, would be likely to withdraw his grievance from arbitration a second time if given the opportunity. Assuming this is true, McClimon's attempt to show hostility still fails because he has not presented any evidence (or even argued) that the members of the appeals boards with authority to review Hecker's decision are hostile toward him.[1] *See Hammer,* 178 F.3d at 858 (internal citation omitted).

3. McClimon believes that he has shown unreasonable delay by pointing to the six-and-a-half-month time period between his termination date and Hecker's decision to withdraw the grievance from arbitration. This argument, however, is waived because it was not presented to the district court. *See Dale v. Chicago Tribune Co.,* 797 F.2d 458, 466 (7th Cir.1986). But even if not waived, our focus is on the period between the date of the alleged breach of the duty of representation (here, Hecker's decision to withdraw) and the date on which the appeals procedure is completed. *Cf. Clayton,* 451 U.S. at 681 (noting distinction between grievance and intraunion appeals procedures). McClimon has said nothing about the intraunion appellate process and it cannot be reasonably inferred from the alleged delay in the grievance process that the appellate process would be delayed.

4. Finally, McClimon has not presented any evidence to support his assertion that exhaustion is otherwise unreasonable. For example, he argues that exhaustion should not be required because he was not told of his right to appeal. Our case law clearly establishes, however, that union members have an affirmative duty to educate themselves about their appeal rights. *See Hammer,* 178 F.3d at 858; *Miller,* 675 F.2d at 150. And there is significant evidence in the record that suggests that McClimon knew his rights. He reviewed the union's constitution and several copies of the union's magazine that described, in plain english, the right to appeal.

McClimon's remaining arguments are foreclosed by prior decisions of this court or do not otherwise warrant discussion. The judgment of the district court is AFFIRMED.

---

1. Under the union constitution, a union member may appeal to either of two appeals

boards, one of which is comprised of members of the public.