# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1875

_____

Jamie L. Hughes,                    *
                                    *
            Appellant,              *
                                    *   Appeal from the United States
      v.                            *   District Court for the
                                    *   Western District of Arkansas.
Michael J. Astrue, Commissioner,    *
Social Security Administration,     *           [UNPUBLISHED]
                                    *
            Appellee.               *

_____

Submitted:  April 29, 2008
Filed:  May 12, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jamie L. Hughes (Hughes) appeals the district court's order awarding her attorney's fees under the Equal Access to Justice Act.  After careful review, see U.S. Dep't of Labor v. Rapid Robert's Inc., 130 F.3d 345, 347 (8th Cir. 1997) (standard of review), we reverse in part and remand this matter to the district court for further consideration.

Hughes argues the district court abused its discretion in compensating her for only some of the hours listed on her counsel's itemization of time.  We conclude the district court did not abuse its discretion in subtracting 13.9 hours from the total

number of hours for which compensation was sought. It is unclear to us, however, why an additional 1.8 hours were subtracted from the 3.8 hours that Hughes's lawyer spent reviewing the file, communicating with Hughes, preparing the district court complaint, and reviewing district court filings. The court stated that time spent at the administrative level was not compensable, but also stated that the hours were spent preparing to file the district court complaint. Accordingly, we remand to the district court with instructions to clarify the reason for the 1.8 hour deduction.

Hughes also complains that the district court wrongly refused to add a cost-of-living increase to the statutory compensation rate of $125 per hour, given Hughes provided the Consumer Price Index (CPI) as proof of the cost of living in her reply to the Commissioner's response to her motion for fees. On remand, the court may, if it wishes, consider the CPI as proof of a cost-of-living increase. Cf. McGhee v. Pottawattamie County, 514 F.3d 739, 745 (8th Cir. 2008) (deciding the district court did not abuse its discretion when it did not consider an argument raised for the first time in a summary judgment reply brief, where the local rule prohibited new arguments in a reply brief). If the court does consider the CPI, however, the government should be provided with an adequate opportunity to respond. Cf. Vais Arms, Inc. v. Vais, 383 F.3d 287, 292 (5th Cir. 2004) (rejecting the defendant's argument that he was denied an opportunity to respond to plaintiff's argument, raised for the first time in plaintiff's reply to defendant's memorandum opposing summary judgment, where the record established the district court permitted the defendant to file a supplemental memo).

We reverse in part and remand for further proceedings consistent with this opinion.

_____