# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2803

_____

| | | |
|---|---|---|
| Gerald McPhetridge; Larry Stevens; Willie Choate, | * * * | |
| Plaintiffs - Appellants, | * | |
| v. | * * * | Appeal from the United States District Court for the Western District of Missouri. |
| IBEW, Local Union No. 53, | * * * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 14, 2009
Filed: August 27, 2009

_____

Before LOKEN, Chief Judge, COLLOTON, Circuit Judge, and ROSENBAUM,[*] District Judge.

_____

LOKEN, Chief Judge.

In June 2003, Local 53 of the International Brotherhood of Electrical Workers ("IBEW"), based in Kansas City, charged IBEW members Gerald McPhetridge, Larry Stevens and Willie Choate ("Plaintiffs") with having violated Article XXV, § 1(Q), of the IBEW Constitution by working for a non-union contractor, Hartman and

_____

[*]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

Company, in Springfield, Missouri. When Plaintiffs failed to attend the scheduled hearing, Local 53's Trial Board sustained the charges and fined each Plaintiff $5,000. Rather than appeal to the IBEW's international vice president, as Article XXV expressly authorized, Plaintiffs continued working for Hartman, and refused to pay the fines. The dispute landed in state court, which concluded that it lacked jurisdiction to consider claims or defenses under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 401 *et seq.* Plaintiffs then brought this federal court action, alleging that the discipline violated their free speech and due process rights under 29 U.S.C. § 411(a)(2) and (5). The district court[1] dismissed the due process claims on the ground that Plaintiffs failed to exhaust available intra-union remedies. Plaintiffs appeal. We affirm.

## I. Background

The three charges were filed by Stephen White, President of Local 53. Each charge alleged that a violation of Article XXV, § 1(Q), occurred at 10:00 a.m. on April 30 and explained: "You were seen working for Hartman Construction on or about April 30, 03. As you may already know, Hartman is a non-Signatory Contractor doing electrical construction in the Jurisdiction of Local 53 IBEW." After receiving his notice, Plaintiff Choate contacted White, who agreed to make the charges "go away" if Plaintiffs helped in organizing Hartman. Choate agreed, and Local 53's Recording Secretary notified each Plaintiff that "the charges filed against you . . . have been postponed temporarily." However, the charges were reinstated, and on July 25, Plaintiffs were notified that the charges would be considered by the Local 53 Trial Board on August 9. The notice stated: "You may bring witnesses to give evidence in your behalf. You will be afforded the opportunity at the hearing to present any relevant evidence and to cross-examine any witness you may desire. You may, if you desire, have an IBEW member act as your counsel." Plaintiffs did not attend the

---

[1]The HONORABLE RICHARD E. DORR, United States District Judge for the Western District of Missouri.

hearing. The Trial Board upheld the charges, inferred that Plaintiffs had been working for Hartman for two years, and imposed $5,000 fines.

Local 53 promptly notified Plaintiffs of the Trial Board's adverse decisions. The letters advised Plaintiffs that the fines would be abated if they stopped working for Hartman and explained their right to appeal the Trial Board's decisions under Article XXV, § 12, of the IBEW Constitution "any time within forty-five (45) days after the date of the action complained of," provided they made installment payments of the fines under protest, as required by Article XXV, § 13. Plaintiffs did not appeal.

Some months later, Local 53 filed an action to enforce the fines in Missouri state court. The state trial court granted Local 53 summary judgment, but the Missouri Court of Appeals remanded the case for further proceedings on the issue whether the amounts of the fines are consistent with Missouri law. Atkins v. McPhetridge, 213 S.W.3d 116 (Mo. App. 2006). Meanwhile, Plaintiffs commenced this suit in federal court,[2] alleging that Local 53 violated 29 U.S.C. § 411(a)(5) by denying them due process in the disciplinary proceedings, and violated 29 U.S.C. § 411(a)(2) by disciplining them for exercising their free speech right not to help organize Hartman. Ruling on cross motions for summary judgment, the district court dismissed the § 411(a)(5) claims because Plaintiffs failed to exhaust their internal union remedies and dismissed the § 411(a)(2) claims on the merits. The court exercised its discretion to require intra-union exhaustion of the § 411(a)(5) claims because (i) "Plaintiffs failed to even attempt to exhaust their remedies," (ii) "Plaintiffs were unable to identify . . . actions by the Trial Board or union leadership that would support a claim of futility," and (iii) "Several of the issues raised by Plaintiffs . . . would have warranted thoughtful consideration at the Trial Board hearing or on appeal to the IBEW Vice President." On appeal, Plaintiffs' initial brief argues only the exhaustion and § 411(a)(5) issues. Therefore, we need not address the dismissal of

_____

[2]We are advised that the Missouri trial court has continued proceedings on remand pending the outcome of this federal action.

their § 411(a)(2) claims.  See Jenkins v. Winter, 540 F.3d 742, 751 (8th Cir. 2008).
We review the district court's decision to require exhaustion of internal union
remedies for abuse of discretion.  See Buchholtz v. Swift & Co., 609 F.2d 317 (8th
Cir. 1979), cert. denied, 444 U.S. 1018 (1980).

## II.  Discussion

Enacted in 1959, Title I of the LMRDA, entitled "Bill of Rights" of union
members, "was the product of congressional concern with widespread abuses of
power by union leadership."  Finnegan v. Leu, 456 U.S. 431, 435 (1982).  The
provision at issue, 29 U.S.C. § 411(a)(5), safeguards union members against improper
discipline:  "No member . . . may be fined . . . except for nonpayment of dues . . .
unless such member has been (A) served with written specific charges; (B) given a
reasonable time to prepare his defense; (C) afforded a full and fair hearing."  Title I
also expressly protects a member's right to sue in 29 U.S.C. § 411(a)(4), but that right
is cabined by an exhaustion proviso:

> No labor organization shall limit the right of any member thereof to
> institute an action in any court . . . *Provided,* That any such member may
> be required to exhaust reasonable hearing procedures (but not to exceed
> a four-month lapse of time) within such organization, before instituting
> legal or administrative proceedings against such organizations or any
> officer thereof.

In an early decision, the Supreme Court concluded that this proviso "is not a
grant of authority to unions more firmly to police their members but [is] a statement
of policy that [courts] may in their discretion stay their hands for four months, while
the aggrieved person seeks relief within the union."  NLRB v. Indus. Union of Marine
& Shipbuilding Workers, 391 U.S. 418, 426 (1968).  "Generally, the courts will
require an exhaustion of intra-union remedies in the absence of some showing that to
do so would be futile or that the remedies are inadequate."  Buchholtz, 609 F.2d at 320
(quotation omitted).  Relevant factors in exercising this discretion include "whether

-4-

union officials are so hostile to the employee that he could not hope to obtain a fair hearing," "whether the internal union appeals procedures would be inadequate," and "whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim." Clayton v. Int'l Union, UAW, 451 U.S. 679, 689 (1981).[3] "[F]oreclosure from a judicial remedy is the inevitable consequence of an unexcused and irremediable failure to exhaust." Stevens, 20 F.3d at 724, 733; accord Kofoed v. IBEW, Local 48, 237 F.3d 1001, 1003, 1006 (9th Cir. 2001); Cobb v. Chrysler Corp., 1998 WL 211530 (8th Cir. May 1, 1998) (unpublished). But see Casumpang, 269 F.3d at 1063.

On appeal, Plaintiffs concede, as they must, that they did not exhaust Local 53's internal procedures before bringing this suit. They declined to attend the Trial Board hearing despite adequate notice and time to prepare a defense. After the Trial Board ruled, again with adequate notice, they failed to appeal the adverse decisions to the IBEW's international vice president, as authorized by the IBEW Constitution. Reading various state and federal court decisions in which exhaustion was *not required* as declaring absolute rules, Plaintiffs argue they presented "16 listed reasons why exhaustion is not required even in the absence of showing of complete futility." But, like most issues requiring the exercise of judicial discretion, courts must "consider each case on its own facts." Detroy v. American Guild of Variety Artists, 286 F.2d 75, 79 (2d Cir.), cert. denied, 366 U.S. 929 (1961), which held that exhaustion was not required when a union member was blacklisted without a hearing and without being advised of an available intra-union appeal procedure. We reject Plaintiffs' attempt to hog-tie the inquiry with categorical rules.

---

[3]Though Clayton involved a fair representation claim brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, the exhaustion analysis is generally applicable to LMRDA claims. Casumpang v. Int'l Longshoremen's Union, Local 142, 269 F.3d 1042, 1062 (9th Cir. 2001), cert. denied, 535 U.S. 1078 (2002); Stevens v. Nw. Ind. Dist. Council, United Bhd. of Carpenters, 20 F.3d 720, 733 n.31 (7th Cir. 1994), and cases cited.

Here, the district court was justified in concluding that Plaintiffs failure to exhaust intra-union remedies should not be excused. Local 53's procedures at least facially complied with the three procedural mandates of § 411(a)(5) -- Plaintiffs were given notice of the charges, time to prepare defenses, and a Trial Board hearing. Yet Plaintiffs presented no evidence that the Trial Board members were hostile, no evidence prior Trial Board hearings were not "full and fair," and no evidence that an appeal to the International Vice President would be futile. The district court properly discounted Plaintiffs' conclusory assertions that attending the hearing and appealing the Trial Board's decisions would have been futile. See Winter v. Local Union No. 639, Int'l Bhd. of Teamsters, 569 F.2d 146, 150 (D.C. Cir. 1977). Choate's testimony that White had pegged them as "guilty" is, without more, irrelevant because White was the charging party, not the decision-maker. Moreover, "[a] showing of hostility at each level of the appeal process is necessary to establish this exception to the exhaustion requirement." Seniority Research Group v. Chrysler Motor Corp., 976 F.2d 1185, 1189 (8th Cir. 1992).

In these circumstances, failure to exhaust is normally not excused unless any intra-union remedy would be clearly inadequate and there is good reason not to delay the member's access to a judicial remedy. Compare Hayes v. Bhd. of Ry. & Airline Clerks, 734 F.2d 219, 221 (5th Cir.), cert. denied, 469 U.S. 935 (1984), with Detroy, 286 F.2d at 79-81. Plaintiffs argue that failure to exhaust must be excused because internal IBEW remedies could not afford them complete relief, namely, the compensatory and punitive damages they seek in this lawsuit. However, had Plaintiffs attended the Trial Board hearing and successfully raised the substantive and procedural issues now urged in this lawsuit, they would have avoided all injury. Moreover, successful appeals of the Trial Board's adverse decisions would have abated the fines and relieved Plaintiffs of most or all the mental anguish, attorneys fees, and forced resignations now claimed as compensatory damages. If this analysis of the adequacy of the unexhausted remedies is inconsistent with Maddalone v. Local 17, United Brotherhood of Carpenters, 152 F.3d 178, 187 (2d Cir. 1998), then we decline to follow that decision.

In addition, we agree with the district court that further consideration by IBEW officials of the technical § 411(a)(5) arguments raised in the lawsuit is essential to avoid judicial review that invades the proper province of union self-governance in the guise of determining whether a disciplinary hearing was "full and fair." See Int'l Bhd. of Boilermakers v. Hardeman, 401 U.S. 233, 244-45 (1971); Allen v. United Transp. Union, 964 F.2d 818, 821 (8th Cir. 1992); compare Wiglesworth v. Teamsters Local Union No. 592, 552 F.2d 1027, 1030 (4th Cir. 1976), cert. denied, 431 U.S. 955 (1977). To resolve Plaintiffs' "due process" claims, a reviewing court must interpret provisions of the IBEW Constitution and the practices of Local 53 to determine if Local 53's procedures were in fact adequate and if some evidence supported the charges -- it cannot simply determine from a review of the disciplinary record that the procedural mandates of § 411(a)(5) were obviously violated. These inquiries are best conducted, in the first instance, by unions themselves. See Clayton, 451 U.S. at 687-88 ("the policy of forestalling judicial interference with internal union affairs" applies to "disputes arising over *internal* union matters such as those involving the interpretation and application of a union constitution").

Plaintiffs further argue that their failure to exhaust should be excused because the actions of Local 53 were "void." State courts and some federal courts have used or referred to this elastic concept in excusing failures to exhaust. But at least in the federal cases, the courts did not require exhaustion because the violation of rights was serious and obvious, reaching the merits would not significantly drain judicial resources, and further intra-union proceedings would not materially assist the courts. Libutti v. Di Brizzi, 337 F.2d 216, 219 (2d Cir. 1964), aff'd on rehearing, 343 F.2d 460 (2d Cir. 1965); see Simmons v. Avisco, Local 713, Textile Workers Union, 350 F.2d 1012, 1016-17 (4th Cir. 1965). This is not such a case.

For these reasons, we conclude that the district court did not abuse its discretion in dismissing Plaintiffs' § 411(a)(5) claims for failure to exhaust available IBEW remedies. Accordingly, we decline to address the merits of these claims. Nor will we address various issues raised in Plaintiffs's briefs or at oral argument that were not

properly preserved for appeal, such as the assertion in their reply brief that the district court should have dismissed these claims without prejudice so that Plaintiffs could file a new lawsuit after pursuing intra-union remedies that would now be untimely under the IBEW Constitution.  See Jenkins, 540 F.3d at 751.

The judgment of the district court is affirmed.

_____