**Christopher A. JONES, Plaintiff,**

v.

**Robert BAYER, et al., Defendants.**

**No. CIV–N–99–0088–ECR.**

United States District Court,
D. Nevada.

March 5, 2002.

Christopher A. Jones, pro se, Ely, for Plaintiff or Petitioner.

Daniel Wong, Nevada Attorney General's Office, Carson City, for Defendant or Respondent.

## ORDER

EDWARD C. REED, Jr., District Judge.

I. *Introduction*

This is a civil rights action brought *pro se* under 42 U.S.C. § 1983 by Christopher A. Jones, a prisoner at Ely State Prison (ESP), in Ely, Nevada. Plaintiff alleges that he was subjected to cruel and unusual punishment, in violation of the Eighth Amendment, by exposure to environmental tobacco smoke (ETS). The one remaining

cause of action is Count III of the Second Amended Complaint (docket # 76).

There are two defendants: Edward Heddy, a correctional officer at Northern Nevada Correctional Center (NNCC), in Carson City, Nevada, and Greg Smith, a caseworker at NNCC. Defendant Smith is alleged to have assigned a smoking inmate to plaintiff's cell; defendant Heddy is alleged to have physically placed the smoking inmate in plaintiff's cell. *See* Declaration of Christopher A. Jones in Support of Summary Judgment (Jones Declaration)(docket # 177), ¶ 2.

Defendants Heddy and Smith filed a Motion for Summary Judgment (docket # 174) on January 30, 2002. Plaintiff filed an opposition to that motion on February 22, 2002 (docket # 191). The Court did not receive a timely reply from defendants in support of their motion for summary judgment. *See* L–R 7–2(c) (reply shall be filed within eleven days after service of the opposition).

Plaintiff filed a Motion for Summary Judgment (docket # 177) on February 1, 2002. That motion was filed one day after the date the Court had set as a cutoff date for dispositive motions. *See* Minutes of the Court filed October 3, 2001 (docket # 105). However, on January 25, 2002, plaintiff filed a document (docket # 170) indicating that he would have difficulty filing his motion for summary judgment on time. The Court treats plaintiff's January 25, 2002 filing as a motion for an extension of time to file the summary judgment motion, and grants it. Plaintiff's motion for summary judgment is treated as timely filed. Defendants filed an Opposition to Plaintiff's Motion for Summary Judgment (docket # 189) on February 19, 2002.

Plaintiff did not file a timely reply. *See* L–R 7–2(c).

On February 21, 2002, plaintiff filed a document entitled "Objection Pursuant to FRCP 72'''" (docket # 190), objecting to non-dispositive rulings made by the United States Magistrate Judge at a hearing on February 7, 2002. Defendants did not respond to plaintiff's objection. The Court has reviewed the Magistrate Judge's rulings of February 7, 2002 (docket # 185). Plaintiff did not provide any argument or evidence to indicate why he feels that the Magistrate Judge's rulings were erroneous. The Court finds that the Magistrate Judge's rulings were not clearly erroneous or contrary to law. *See* Fed.R.Civ.P. 72(a) and LR IB 3–1. Plaintiff's objection will therefore be denied. The Magistrate Judge's February 7, 2002 rulings will be affirmed.

## II. *Factual Background* [1]

In November of 1998, plaintiff was transferred from ESP to NNCC for diagnosis and treatment of a sore throat condition. *See* Jones Declaration, ¶ 2; Affidavit of Theodore A. D'Amico (D'Amico Affidavit) (docket # 174), ¶¶ 9–13; Deposition of Christopher Jones, Exhibit 9 in Support of Plaintiff's Motion for Summary Judgment (Jones Deposition)(docket # 177), pp. 16–18. Plaintiff is, and was at the time of the events giving rise to this case, a non-smoker. Jones Declaration, ¶ 9; Jones Deposition, p. 13.[2]

On November 25, 1998, at NNCC, inmate Jon Murphy was moved into plaintiff's cell to be housed with him. Plaintiff and Murphy were housed together in a cell for 42 days. Jones Declaration, ¶¶ 2, 18; Jones Deposition, pp. 10, 22, 24; D'Amico

---

**1.** Unless otherwise indicated, the facts stated in this Order are undisputed, or are as claimed by plaintiff.

**2.** Paintiff did smoke cigarettes for about three years in the mid or late 1980's. Jones Deposition, pp. 11–13.

Affidavit, ¶ 13. Murphy smoked heavily in the cell with plaintiff during those 42 days. Jones Deposition, pp. 9–11; Deposition of Jon R. Murphy, Exhibit 13 in Support of Plaintiff's Motion for Summary Judgment (Murphy Deposition)(docket # 177), pp. 15–16.

Plaintiff is concerned that he will suffer long-term, or future, effects from the exposure to ETS at NNCC; however, plaintiff admits that he suffers from "no noticeable current injuries" as a result of that exposure. Plaintiff's Response to Interrogatory No. 17 (docket # 177, Tab DW); Jones Deposition, pp. 25–29.

## III. *The Summary Judgment Motions*

### A. *Summary Judgment Standards*

The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agriculture,* 18 F.3d 1468, 1471 (9th Cir. 1994).

In deciding whether to grant summary judgment, the court must view the evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir.1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. Fed.R.Civ.P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Warren v. City of Carlsbad,* 58 F.3d 439, 441 (9th Cir.1995), *cert. denied,* 516 U.S. 1171, 116 S.Ct. 1261, 134 L.Ed.2d 209 (1996).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Only evidence which might be admissible at trial may be considered by the court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c); *Beyene v. Coleman Security Services, Inc.,* 854 F.2d 1179, 1181 (9th Cir.1988). Evidence without a proper foundation cannot support a motion for summary judgment. *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir.1987).

Material facts are facts that might affect the outcome of the case; the Court determines materiality by reference to the substantive law that controls the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. Disputes over irrelevant or unnecessary facts should not be considered. *Id.* If, given the evidence submitted, a reasonable jury could hold for the nonmoving party, the dispute over material fact is "genuine." *Id.* Where there is a complete failure of proof on an essential element of the case for the nonmoving party, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

### B. *Eighth Amendment Standards*

█ It is well-established that the treatment a prisoner receives in prison, and the conditions under which he is confined, are subject to scrutiny under the Eighth Amendment. *See, e.g., Helling v. McKinney,* 509 U.S. 25, 31–32, 113 S.Ct. 2475, 125

L.Ed.2d 22 (1993); *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 199–200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989); *Estelle v. Gamble* 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

■ In *Helling,* the United States Supreme Court clarified the standards to be applied in a case of alleged imposition of cruel and unusual punishment by exposure to ETS. To show an Eighth Amendment violation in such a case, a prisoner must satisfy both an objective standard and a subjective standard: (1) the prisoner must show exposure to levels of ETS that pose an unreasonable risk of serious damage to his future health (objective standard), and (2) the prisoner must show deliberate indifference on the part of the defendant prison officials (subjective standard). *Helling,* 509 U.S. at 35, 113 S.Ct. 2475.

The objective portion of the test includes an inquiry into "the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS," as well as an inquiry "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling,* 509 U.S. at 36, 113 S.Ct. 2475 (emphasis in original). "In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*

C. *Plaintiff's Exposure to ETS* [3]

Plaintiff, a non-smoker, was housed in a cell with inmate Jon Murphy, a heavy smoker, for 42 days in the winter of 1998–99, while plaintiff was at NNCC awaiting diagnosis and treatment for a sore throat condition. Jones Declaration, ¶¶ 2, 18; Jones Deposition, pp. 10, 16–18, 22, 24; D'Amico Affidavit, ¶¶ 9–13.

Murphy smoked 40–50 cigarettes per day. Jones Deposition, pp. 9–11.[4] Plaintiff spent from 21 to 24 hours per day in the cell with Murphy. Jones Deposition, p. 11, lines 14–18; Jones Declaration, ¶¶ 41–47. The cell was small, with an area of about 57 square feet, and a volume of about 456 cubic feet. Jones Declaration, ¶ 29. Because it was winter, the broken cell window was usually sealed shut with plastic. Murphy Deposition, pp. 19, 24.

Plaintiff experienced discomfort and irritation because of Murphy's smoking. Plaintiff's Amended Answer to Interrogatory 16, Exhibit 42, filed in opposition to defendants' motion for summary judgment (docket # 191). The smoke caused plaintiff to cough. Jones Deposition, pp. 23–25; Murphy Deposition, pp. 28, 35. The coughing caused plaintiff's sore throat to hurt worse than it otherwise would have. Jones Deposition, pp. 23–25.

■ The Court finds that with respect to the objective part of the *Helling* standards, there is no genuine issue of material fact. Even taking as true plaintiff's assertions regarding the extent and duration of his exposure to ETS, and the discomfort that he experienced as a result, no reasonable juror could find that exposure to meet the objective standard established in *Helling.* A jury could not reasonably find that plaintiff's 42 days in a cell with a heavy

---

**3.** For purposes of analyzing the summary judgment motions, the Court views plaintiff's exposure to ETS in the light most favorable to plaintiff. *See Bagdadi,* 84 F.3d at 1197. The Court takes as true plaintiff's claims regarding the extent and duration of that exposure.

**4.** Murphy testified that he smoked 10 to 20 cigarettes per day. Murphy Deposition, pp. 15–16, 32–33. However, for purposes of analyzing the summary judgment motions, the Court views the evidence in the light most favorable to plaintiff, and therefore takes as true plaintiff's deposition testimony regarding the amount that Murphy smoked.

smoker amounted to cruel and unusual punishment. That amount of exposure to ETS could not reasonably be said to pose an unreasonable risk of serious damage to plaintiff's future health. While society has in recent years become more and more sensitive to the issue of exposure to ETS, plaintiff's 42 days with a smoker still is not so grave as to be a violation of contemporary standards of decency.

In *Oliver v. Deen*, 77 F.3d 156 (7th Cir.1996), the Seventh Circuit Court of Appeals affirmed a grant of summary judgment in favor of the defendants in that case, holding that the plaintiff, a mild asthmatic, could not show a violation of the Eighth Amendment for being celled with smokers for about 133 days in a little less than a year. This Court's conclusion in this case is consistent with the Seventh Circuit's holding in *Oliver*.[5]

■ The Court does not doubt that plaintiff was uncomfortable, and experienced irritation of his sore throat condition, in the cell with Murphy. But that does not indicate that plaintiff's constitutional rights were violated. *See Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (The Constitution "does not mandate comfortable pris-

ons."); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982) (The Eighth Amendment "requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable.").

Moreover, the Court does not necessarily condone the prison officials' decision to house Murphy in plaintiff's cell. Housing a smoker with plaintiff at NNCC was ironic, at best, given that plaintiff was at NNCC to be treated for a sore throat. But this Court's role is not to determine whether it would have been better to house plaintiff with a non-smoker; the Court's role is to determine whether a jury could reasonably find a constitutional violation. Having determined that a jury could not, the Court's work is at an end. The Court does not bear the burden of determining how best to manage Nevada's prisons such that plaintiff and other prisoners are subjected to the least amount of ETS possible. "[P]rison administrators ..., and not the courts, [are] to make the difficult judgments concerning institutional operations." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

The Court will grant defendants' motion for summary judgment, and will deny plaintiff's motion for summary judgment.[67]

---

**5.** The Court's citation to the *Oliver* case is *not* meant to suggest that the Court would find constitutional an exposure of a prisoner to ETS over 133 days, or over any other amount of time in a case other than this one. The determination is necessarily dependent on the facts of each case.

**6.** Because of the Court's determination with respect to the objective portion of the *Helling* standards, the Court need not reach the parties' arguments regarding the subjective portion of the *Helling* standards, and the Court need not reach the parties' arguments regarding the capacity in which plaintiff sued defendant Heddy.

**7.** The 42 days that plaintiff was housed with Murphy in 1998 and 1999 is the only time

during which plaintiff claims to have been subjected to cruel and unusual punishment by exposure to ETS. *See* Plaintiff's Response to Interrogatory 6 (docket # 174, Tab DW). The Court finds, *above*, that plaintiff's Eighth Amendment rights were not violated during that time period. There has been no evidence submitted to suggest that plaintiff is currently being subjected to an Eighth Amendment violation by exposure to ETS, or that he will be in the future. Plaintiff's claims for injunctive and declaratory relief are therefore subject to summary judgment. *See Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1495 (9th Cir.1996)(standard for injunctive relief); *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir.1985)(When declaratory relief neither serves useful purpose in clarifying and settling legal relations, nor terminates proceedings and affords relief from uncertainty

Defendants' Motion to Dismiss (docket # 175) is rendered moot, and will be denied on that basis.

**IT IS THEREFORE ORDERED** that the Court treats plaintiff's January 25, 2002 filing (docket # 170) as a motion for an extension of time to file plaintiff's summary judgment motion, and that motion is **GRANTED**. Plaintiff's motion for summary judgment (docket # 177) is treated as if it was timely filed.

**IT IS FURTHER ORDERED** that plaintiff's "Objection Pursuant to FRCP 72'"" (docket # 190) is **DENIED**. The United States Magistrate Judge's rulings, reflected in the Minute Order filed on February 7, 2002 (docket # 185) are **AFFIRMED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Summary Judgment (docket # 177) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' Motion for Summary Judgment (docket # 174) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss (docket # 175) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** in favor of defendants and against plaintiff.

and controversy faced by parties, it should be denied.).